## RUTH PUUKAIAKEA *et al vs.* HIAA (w).

### APPEAL FROM DECISION OF PRESTON, J.

### OCTOBER TERM, 1885.

### JUDD, C. J.; McCULLY and PRESTON, JJ.

An instrument in the form of a deed, reserving a life interest to the grantors, held not to be a will, but a valid deed.

Delivery and acceptance by the grantee held to be proved sufficiently.

The common law rule, that a deed creating an estate *in futuro* is void, has never been adopted by the Courts of this Kingdom.

The common law is not in force *eo nomine* in this Kingdom: its technical rules are in force here only as they may be adopted.

Decree affirmed.

### OPINION OF THE COURT, BY MCCULLY, J.

THE complainants set forth that they are husband and wife, now elderly and infirm. That in February, 1881, they executed an instrument in writing "as and for a will and nothing more and nothing less." The material parts of this instrument, translated from the Hawaiian, are as follows:—"Know all men by these presents that we Ruth Puukaiakea and Kailio her husband * * * * in consideration of love and affection and one dollar paid each of us by Lota Kuokoa Hoopii our beloved grand-child, by these presents sell, grant and confirm unto the said Lota, his heirs, executors and assigns forever * * * * (reciting a descent by inheritance to plaintiff Ruth and describing the lands conveyed, including also one parcel belonging to Kailio). And we also declare publicly that this conveyance shall take effect with full power after our death, but while we yet live we have the power of the lands. * * * Therefore, by these presents, all of the above pieces of land together with the houses and all the appurtenances belonging thereto, are hereby conveyed to Lota K. Hoopii, his heirs, assigns, &c., forever, and we bind ourselves, our heirs, &c., to adhere to this agreement."

The above was signed by the parties plaintiff, with the signature of two witnesses to the execution and delivery, and was recorded as a deed within the month.

Lota has since died intestate, leaving no issue. His surviving parent has made a quit claim deed of interest in what remains of the lands conveyed. His widow, who is made the defendant herein, is alleged to claim a present right to the possession of one-half thereof.

The bill prays that the defendant may be enjoined from making such claim: That the devise intended in and by the said instrument may be decreed to have lapsed upon the death of Lota: That the instrument be vacated, &c.

By the Court: It is quite likely that this instrument was intended for a will as being a deed which would render a will unnecessary, but in no other sense. The grantor, Kailio, gave his testimony: his wife was too infirm to attend Court, and the subscribing witnesses were produced and gave their testimony. The evidence totally fails to support the position that the plaintiffs

intended to make an instrument of different purport or effect from the one they executed; although Kailio testifies: "We did not intend that Lota's heirs should have the property if he died before we did; we did not think of Lota's heirs at the time." However, all parties treated the conveyance as a grant with reservation of a life interest to the grantors. The grantors remained and yet remain in possession and control of the property. Two sales of parcels were made, and the deeds were made by the holders of the life interest, the grantee of the remainder joining in the deed and even permitting the original grantors to appropriate the proceeds of the sales.

The learned counsel for the complainants contends that although the instrument may have the form of a deed it is not valid, for sundry reasons. First, there is no proof of delivery to and acceptance by the grantee. But it appears, by what is stated above, that the grantee has signed two deeds, in the character of reversioner; that the subscribing witnesses certify to a formal delivery, and that the deed was placed on record. Second, that the instrument, considered as a deed, must be construed to create a freehold commencing *in futuro*, and is therefore void by the rule of common law. This Court has repeatedly denied that the common law was in force *eo nomine* in this Kingdom. See *The King vs. Agnee et al.* 3 Hawn. 106. Its technical rules are in force here only as they may be adopted.

This rule is based on the necesssity which once existed, but has now passed away, of livery of seizin. It has been expressly abolished by statute in many of the American States which were bound by the whole common law except as controlled by statute. In this Kingdom this rule has never been adopted by the Courts.

We do not know that the question has been directly raised upon any deed of like character, but such deeds have been considered valid. See *Keliikanakaole vs. Kawaa, ante,* 134.

No injunction should issue. The plaintiffs have only to remain in possession of their estate.

The decree is affirmed.

*M. Thompson,* for complainants.

*Kinney & Peterson,* for defendant.

Honolulu, October 21, 1885.