ELIZABETH KELIIILIHUNE *v.* CATHERINE VIERRA
and JOSEPH VIERRA.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED SEPTEMBER 25, 1900.     DECIDED OCTOBER 8, 1900.

FREAR, C.J., PERRY, J., AND J. A. MAGOON, ESQ., OF THE BAR
IN PLACE OF GALBRAITH, J., DISQUALIFIED.

An exhibit filed at the trial in the lower court, held, not to have been
sufficiently referred to in the bill of exceptions so as to make it a
part of said bill.

L. and M. executed a deed of certain property therein described to
S. L., F., K. and N., the operative words used being, "We make,
give, sell and convey absolutely and release absolutely, and by this
instrument we make, give, sell and convey absolutely and entirely
release unto our beloved sons L., F., their heirs, executors, admin-
istrators and assigns forever, and to K. and N. our beloved daugh-
ters, their heirs, executors, administrators and assigns forever."
A later clause in the deed reads as follows: "Nevertheless, all the
property conveyed by this instrument remains in our hands, and in
our possession, and care, and we are to collect all the receipts, and
the things growing on the pieces of land described above, and take
them for our benefit, and at the decease of one of us, the (rights)
power of this instrument goes to the other of us, until the death of
both of us; then the pieces of land, revenues, benefits, rents and all
other profits, will go to our beloved children, Lo, Felix, Keanuenue
and Nune, as set forth above in this instrument."

Held, that a present interest passed to the grantees named, subject only
to a life estate reserved by the grantors to themselves.

This is an action of ejectment brought by the plaintiff to establish her claim to an undivided interest in certain land situate in the District of South Hilo, Hawaii, and more particularly described in the declaration. By consent of the parties, the cause was tried in vacation and without the intervention of a jury, and on the first of May last the court rendered its decision, ordering judgment for the plaintiff for an undivided one-sixth interest in the land and for $66.66⅔ damages. The defendants thereupon moved for a new trial on the grounds (1) that the decision was contrary to the law and to the weight of the evidence and (2) that the decision was not warranted or supported by the evidence. The motion was overruled and defendants excepted.

The "assignment of errors" on file herein and the bill of exceptions set forth a number of alleged errors and exceptions, but all except the following have been practically abandoned: "(1) That the court erred in holding that the deed, marked Exhibit E, passed a present estate to Felix after having found that said deed created an estate *in futuro*. (2) That the court erred in finding that any estate passed to Felix at the date of the execution of said deed. (3) That the court erred in finding that said deed passed title to one-third of said land to Felix after finding that he was one of the four grantees named therein. (6) That the court erred in finding that the plaintiff was entitled to one-sixth of the rental value of said land for two years. (8) That the court erred in finding for the plaintiff and in rendering judgment in her favor for any part of the land or for any sum as damages."

On the 27th day of January, 1879, one Lonoai Lo, who at that time held the title to the land now in controversy, jointly with his wife, Makauli, executed a deed thereof, the grantees named therein being their four children, Solomon Lo (k), Felix (k), Keanuenue (w) and Nune (w). It is this deed which is referred to in the exceptions as Exhibit E, and in the construction of which, it is alleged by the appellants, the court below erred.

This deed has not been made a part of the bill of exceptions or

of the record in this court, and therefore cannot be considered by us on the exceptions. The only reference to the deed contained in the bill, is to be found in the statement of the proceedings had at the original trial and is as follows: "Mr. Smith. 'We now offer in evidence deed Lonoai Lo to Lo, Felix and Nune.' Admitted, marked Exhibit E. This deed was requested of defendant by plaintiff, produced by defendants and introduced by plaintiff." This is insufficient to make the deed a part of the bill. Without the deed it is impossible for us to say that the court below erred in its construction of the instrument, and since the burden is on the appellants to sustain their allegation of error, the exceptions for this reason alone should be overruled.

We have however, examined the deed, the material portions of which are as follows:

"Know all men by these presents; that I Lonoai Lo, and Makauli my wife of Hilo, Hawaii, Hawaiian Islands, for the consideration of one dollar paid into our hands by Lo, Felix, our greatly loved sons and Keanuenue, Nune our beloved daughters, the receipt whereof of this dollar is acknowledged by this instrument:

Therefore we make, give, sell, and convey absolutely, and release absolutely, and by this instrument, we make, give, sell, and convey absolutely, and entirely release unto our beloved sons Lo, Felix, their heirs, executors, administrators, and assigns forever, and to Keanuenue and Nune our beloved daughters, their heirs, executors, administrators, and assigns forever: but, if they marry husbands, at the time one of them marries a husband, or both of them have husbands, all their title right and interest go to Lo and Felix. * * * * * *

Nevertheless, all the property conveyed by this instrument remains in our hands, and in our possession, and care, and we are to collect all the receipts, and the things growing on the pieces of land described above, and take them for our benefit, and at the decease of one of us, the (rights) power of this instrument goes to the other of us, until the death of both of us; then the pieces of land, revenues, benefits, rents and all other profits, will go to our beloved children, Lo, Felix, Keanuenue and Nune as set forth above in this instrument."

Keanuenue died during the life-time of the grantors, Lonoai deceased next, then Felix, who left surviving him a widow,

Amalu, and lastly Makauli. In 1898 Amalu conveyed all of her interest in the land to the plaintiff. Defendants, on the other hand, have acquired by purchase all of the interest of Solomon Lo and Nune in the property.

On behalf of the defendants it is contended that the deed passed no present interest in the land to the children, but merely defined an estate in them to take effect and commence *in futuro,* and that Felix, under whom the plaintiff claims, having died in the lifetime of one of the grantors, no title ever became vested in him; and further that such an estate *in futuro* is void.

In our opinion, it was clearly the intention of the grantors to convey to their children in and by the deed, which was to take effect upon its delivery, a present interest in the land, and not an estate to commence *in futuro,* merely reserving to themselves the right to use and enjoy the same during the remainder of their lives, in other words, while the interest in the land,—a vested remainder—was to pass at once to the children, possession and enjoyment of the land was not to be had by them until a future time, to wit, that of the deaths of the grantors. This intention is sufficiently expressed in the deed; nor is there any rule of law in force in this country which prevents the carrying out of that intention. For cases in which deeds similar to the one under consideration have been recognized as valid and effective to carry out the intention of the grantors, see *Cates v. Cates,* 135 Ind. 272; *Phillips v. Thomas Lumber Co.,* 22 S. W. (Ky.) 652; *White v. Hopkins,* 4 S. E. (Ga.) 863; *Schackelton v. Sebree,* 86 Ill. 616, 620; and *Puukaiakca et al. v. Hiaa,* 5 Haw. 484.

Upon Keanuenue's death, then, unmarried and without issue, her one-fourth interest passed to her father and mother in equal shares, i. e., one-eighth to each. Lonoai's one-eighth, on his death, descended to Solomon, Felix and Nune, one twenty-fourth to each. Felix thus became the owner of one-fourth plus one-twenty-fourth, or seven-twenty-fourths. One-half of this, or seven-forty-eighths, passed upon the death of Felix, without issue, his mother surviving him, to his widow, Amalu, and thus to the plaintiff. This is the interest, and no more, which she is entitled

to recover.    She concedes error in this respect in the judgment entered in the court below and offers to file a remittitur for the excess, one-forty-eighth, and for all the damages.    Such remittitur may be filed.

The exceptions are overruled, and the case is remanded to the Circuit Court of the Fourth Circuit for such further proceedings as may be proper.

*Carl S. Smith* and *J. W. Cathcart* for plaintiff.

*F. W. Hankey* for defendants.