*J. T. DeBolt* for plaintiff.

*E. C. Peters* for respondent.

---

## DAVID K. KAHAULELIO *v.* BEKE IHIHI AND KIN CHOY.

### No. 1061.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT. HON. W. S. EDINGS, JUDGE.

SUBMITTED MARCH 19, 1918.                    DECIDED MAY 3, 1918.

COKE, C. J., QUARLES AND KEMP, JJ.

DEEDS—*construction—repugnant clauses.*

It is a rule of law that in the construction of deeds if two clauses therein are so repugnant that they both cannot stand the first will be sustained and the latter rejected.

SAME—*same—intent.*

While the intent and not the words is the principal thing to be regarded yet in searching for the intent we are hedged about by certain positive rules of law which must be heeded. One of such rules is that a grantor cannot destroy his own grant however much he may modify it or load it with conditions. Having once granted an estate in his deed no subsequent clause, even in the same deed, can operate to nullify it.

OPINION OF THE COURT BY COKE, C. J.

An action in ejectment was instituted by the plaintiff, appellant, against the defendants, appellees, for the recovery of a lot of land situated at Lahaina, Island of Maui. The parties agreed to the facts involved and the case was submitted to the court jury waived. The plaintiff claimed title to the land in question as the sole heir at law of one Isaac Ihihi, the grantee named in a certain deed executed and delivered to him by defendant Beke Ihihi, as grantor. It appears that Isaac was a nephew of Beke. The deed. under which the plaintiff claims was in the Hawaiian language, but an agreed English translation was placed in evidence and reads as follows:

"Know all men by these presents, I, Beke Ihihi, of Lahaina, County of Maui, for One Dollar ($1.00) by me received from Isaac Ihihi, my beloved nephew, of the City and County of Honolulu, Territory of Hawaii, and also for my love for him; hereby sell and convey unto him and to his heirs and assigns forever, my houselot situate at Halakaa, Lahaina, Maui, adjoining the mauka side of the Government Road, conveyed by J. Kaeo and Lahilahi to Ihihi on the 27th day of April, 1855, recorded in the Registry Office in Liber 35, page 216. And conveyed by R. Armstrong to Ihihi on the 5th day of April, 1859, and recorded in the Registry Office on the 17th day of May 1859, in Liber 11, page 204. And conveyed by P. Keikialoha to Beke on the 3rd day of January, 1880, and recorded in the Registry Office in Book 63, page 248.

"And all instruments heretofore made by me, testamentary or otherwise, are by this instrument made of no effect.

"Provided, however, not until after my death shall this deed be of effect and if Isaac should die before then this land shall revert to me and this instrument be of no effect.

"In witness whereof I have set my hand this 15th day of November, 1913.

"In presence of        "(Signed)  Beke Ihihi.
      "(Signed) S. K. Kamaiopili."

Isaac Ihihi, the grantee, died on or about January 1, 1916. Beke, the grantor and defendant herein, still survives. The defendant Kin Choy is the tenant of Beke. The court below was required to construe the deed in question which it proceeded to do in the manner appearing from the following excerpt from the court's decision:

"The only question before the court is that concerning the construction of the deed. It is claimed by the plaintiff that the deed conveys the land to Isaac Ihihi in fee simple absolute, and that the proviso above referred to does not lessen the estate conveyed.

"The defendants claim that the deed created an estate *in future* and the grantee having predeceased the grantor no estate passes to the heirs of the grantee.

"The court is of the opinion that the deed conveyed to Isaac only an estate *in future* in fee contingent upon his surviving the grantor. During the life of the grantor, Isaac had no present interest in the estate. His interest was merely an expectant interest based on the contingency that he survived the grantor. Having died before the grantor, his interest became extinguished and his heirs cannot inherit under the deed.

"This court does not believe that this is a case where there is a manifest repugnance between the premise and the habendum clause of the deed, for the reason that the deed does not contain any habendum clause.

"The fee still remains in the said defendant Beke Ihihi and she and her tenants are entitled to remain in possession of the premises."

Thereupon judgment was entered for the defendants and against the plaintiff. From the decision and judgment the plaintiff comes to this court on exceptions. The entire controversy turns upon a construction of the deed. The plaintiff urges that the clause in the deed which provided that not until after the death of the grantor should the deed be of effect and that if Isaac should predecease the grantor the land should revert to her and the instru-

ment be of no effect is totally repugnant to the premises or granting clause in the deed, which purports to convey to Isaac an estate in fee simple absolute. The position of the defendant, Beke, is that the deed conveyed to Isaac only a contingent estate *in futuro*.

It is important to bear in mind that while the premises gave to Isaac an estate in fee simple absolute the later clause attempted to limit the estate granted to a mere contingent interest. If effect is given to the last clause the deed would convey to Isaac no present vested interest in the property. The nature of the estate conveyed to him would be akin to a contingent remainder, although there was no intervening estate which is usually contemplated when an estate in remainder is created. But be that as it may, Isaac's estate would be entirely contingent upon his surviving Beke and of course whatever estate he acquired would be *in futuro*. An estate created to commence *in futuro* without an intervening estate could not exist at common law because of the necessity of actual livery of seizin which always operated *in presenti*. It may be here noted, however, that the courts of this Territory have digressed in numerous instances from the rules of the common law. For instance, neither an estate tail nor a fee simple conditional can exist in these islands although both were recognized at common law. See *Rooke* v. *Queen's Hospital*, 12 Haw. 375; *Kinney* v. *Oahu Sugar Co.*, 23 Haw. 747, 759. On the other hand, estates *in futuro* were not permissible under the common law for the reasons above noted, yet the contrary rule prevails here, as we believe it does in most, if not all, of the States. *Puukaiakea* v. *Hiaa*, 5 Haw. 484; *Keliiilihune* v. *Vierra*, 13 Haw. 28. See also *Branca* v. *Makuakane*, 13 Haw. 499, 505, 506. An estate in remainder, recognized here as well as at common law, is defined as an estate limited to take effect and be

enjoyed after another estate is determined. A contingent remainder is where the estate in remainder is limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event. So we have in the present case, if the last clause in the deed is to prevail, an estate granted to Isaac which is dependent entirely upon an uncertain event, that is, whether or not Isaac survives the grantor. If he does not so survive then all rights acquired by him under the deed are extinguished. There being, however, no intermediate estate interlaying between that of the grantor and the grantee the fee in the meantime would remain in Beke, a situation in direct conflict with the premises which granted to Isaac a present estate in the fee simple. Having thus distinguished between the estates attempted to be conveyed by the two divergent clauses in the deed we are brought to a construction of the deed as a whole and are required to determine which of the two clauses, palpably repugnant to each other, shall control.

It is a rule of law that in the construction of deeds if two clauses therein are so repugnant that they both cannot stand the first will be sustained and the latter rejected. It will be noted that the deed under consideration contained no habendum. The premises granting the fee simple to Isaac were followed by a clause declaring of no effect all instruments testamentary or otherwise theretofore made by the grantor and then the clause which provided that "not until after my death shall this deed be of effect and if Isaac should die before then this land shall revert to me and this instrument be of no effect." It is plain that the estate granted by this clause in the deed was not only *in futuro,* but dependent upon a contingency, and of course was vastly inferior to the estate in fee granted by the first clause in the deed. "Terms in a deed which vest a fee in

the first taker are not controlled by other parts of the instrument showing an intention to give a less estate." *Palmer* v. *Cook,* 159 Ill., 300; *Winter* v. *Gorsuch,* 51 Md., 180. This court has announced the rule that "words of grant are not defeated by irreconcilable conditions afterwards expressed or by limitations in the habendum." *Simerson* v. *Simerson,* 20 Haw. 57, 60. In the *Simerson* case the dissenting opinion of Mr. Justice Perry was based mainly upon the theory that the language used in the premises was ambiguous and therefore the habendum clause should be employed to explain the language and remove the ambiguity. The premises in the deed now under consideration contain no ambiguity whatsoever. No better or clearer language could be used to express a grant conveying an estate in fee simple absolute.

It is a general rule that while the last clause in a will must prevail if it conflicts with a preceding one, in the case of a deed the rule is reversed, for in the latter case the first clause must prevail. Of course it should be borne in mind that the intent and not the words is the principal thing to be regarded, but in searching for the intent we are hedged about by certain positive rules of law which must be heeded. One of such rules is that a grantor cannot destroy his own grant, however much he may modify it or load it with conditions. Having once granted an estate in his deed no subsequent clause even in the same deed can operate to nullify it. 11 Bacon's Ab. 665; Shep. Touch. 79, 102. We do not find that this rule has ever been disregarded or even seriously questioned by courts. *Simerson* v. *Simerson, supra,* 60, 61. It is a well recognized rule that having once granted an estate in a deed the grantor cannot restrict or nullify it by a subsequent clause. *Gaddes* v. *Pawtucket Institution for Savings,* 27 Am. & Eng. Ann. Cas. 407, 411. See also *Carllee* v. *Ellesberry,* 101 S. W. 407; 16 Am. Dig., Century ed. 437.

The last clause in the deed being entirely repugnant to the premises we are bound to follow the rules of law applicable to the construction of deeds and hold that the first clause shall stand and the latter be disregarded.

The exceptions are sustained. The judgment of the court below is reversed and the cause remanded for further proceedings consistent with this opinion.

*Lightfoot & Lightfoot* for plaintiff.

*Mott-Smith & Lindsay* for defendants.