## S. KAALE *vs.* PETERO.

APPEAL ON POINTS OF LAW FROM INTERMEDIARY COURT.

OCTOBER TERM, 1887.

JUDD, C.J., McCULLY, PRESTON, AND BICKERTON, JJ., FORNAN-
DER, J., absent.

Where the landlord cannot put the lessee in possession of all the demised estate, the lessee is under no obligation to accept the residue; but if he prefers to occupy such part as he can get possession of, he is liable for the use and occupation of the part he does occupy. In such cases an action for rent reserved will not lie, nor can the rent be apportioned.

OPINION OF THE COURT, BY JUDD, C.J.

This case comes up on points of law from the Intermediary Court.

The facts found by the Justice are as follows:

"The plaintiff originally leased the whole of the Sea Fishery of Heeia to defendant for one year from January 1st, A. D. 1885, at $300 per year, but a portion of the fishery was then under lease to another party unbeknown to defendant at the time, said lease expiring in April, 1885; another part was reserved by plaintiff for himself, but defendant occupied and used the balance of the demised premises under said lease for four months and then occupied the whole for the fourth and fifth months."

The Court below, on these findings of fact, gave judgment for $90, taking off $25 from plaintiff's claim, by reason of the fact that a part of the premises demised was under lease to another.

BY THE COURT.

We think the judgment was erroneous and should have been for the defendant. If the landlord cannot put the lessee into possession of all the land he contracted to give, the latter is under no obligation to accept the residue, but will be justified in abandoning the entire premises. "Yet if he prefers to occupy them, but does not obtain possession of all he hired, he is liable

on a *quantum meruit* for the part occupied." Taylor, Landlord
and Tenant, §177.

In *Lawrence vs. French*, 25 Wend., 445, the Court said that it
was a familiar rule of law, that if the landlord enter wrongfully
upon or prevent the tenant from the enjoyment of a part of the
demised premises, it suspends the whole rent, until possession is
restored. His title is founded upon this, that the land leased
is enjoyed by the tenant during the term; if, therefore, he be
deprived of it, the obligation to pay ceases.

" The rule is otherwise where a part is recovered by title
paramount to the lessors; for, in that case he is not so far
considered in fault, as that it should deprive him of a return for
the part remaining.

" The law therefore directs an apportionment of the rent."

In the case before us there was no eviction, by title para-
mount or by the landlord, of the lessee from his possession, but
the lessee failed to obtain possession of all that was demised.

In *Neale vs. MacKenzie*, 1 M. & W., 746, a lessee of one
hundred acres of land accepted the lease and entered upon the
land. Upon his entry he found eight acres in the possession of
another person entitled under a prior lease from the lessor, and
that person kept possession of the eight acres until a half year's
rent became due, and excluded the lessee from the enjoyment
during that period, the lessee continuing in possession of the
remainder. Held, that the latter demise was wholly void as to
the eight acres; and that the rent was not apportionable, and
that the lessor was not entitled to distrain for the whole rent or
any part of it.

In the case below, the Justice apportioned the rent. The
action is for rent as such, and on the principle above adopted
it cannot be maintained. The proper remedy is an action for
use and occupation for the part of which defendant had pos-
session.

Judgment for defendant.

*W. C. Achi*, for plaintiff.

*Smith* and *Kinney*, for defendant.