ESTHER N. PILIPO and ELIZABETH K. PILIPO *v.*
NETTIE L. SCOTT and KONA SUGAR CO., Limited.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED OCTOBER 9, 1901.     DECIDED OCTOBER 12, 1901.

GALBRAITH AND PERRY, JJ., AND CIRCUIT JUDGE LITTLE IN

PLACE OF FREAR, C.J., ABSENT.

When a lessee fails to pay the rent reserved in a lease, the lessor has
a plain, speedy and adequate remedy at law, to recover either the
amount of such rent or summary possession of the land. In such
case, equity has no jurisdiction to declare a forfeiture of the lease.
So also, the aid of equity to declare such forfeiture cannot prop-
erly be invoked on the ground that the lessee pays each installment
of rent only after legal proceedings to recover summary possession
of the land have been instituted.

OPINION OF THE COURT BY PERRY, J.

This is a suit in equity wherein the complainants pray that a
certain lease, of land situate on the Island of Hawaii, executed
by them to respondent Nettie L. Scott, be declared forfeited
and determined. The respondent Scott, it is alleged in the bill,
sub-leased a portion of the demised premises to the respondent,
the Kona Sugar Company. The averments of the bill upon
which the prayer for relief is based, are as follows: "3rd: That
by the terms of said lease, the lessors were authorized to termin-
ate the same upon the non-payment of the rent therein reserved
and thirty days shall have expired after lawful demand, and it

shall thereupon become void; the lessors to re-enter the said demised premises, which will more fully appear by reference to said lease.

"4th: That said Nettie L. Scott and Kona Sugar Co., Limited, a corporation, have wilfully refused to pay the rents reserved in said lease as they became due and have utterly refused to pay the said rents and taxes and have maliciously and wantonly caused your petitioners a great deal of trouble and expense in the collection thereof by bringing suits in court; that when the next half yearly rent fell due, the said respondents refused to pay the same and after repeated demands by petitioners for the said rent, petitioners again brought suit in court.

"5th: That the said defendants have repeatedly stated that they intended to make petitioners all the trouble and expense that they could with reference to said premises in order that petitioners might be compelled to sell said premises.

"6th: That by reason of the action of the said defendants the said lease has become forfeited."

The language used in paragraph four does not make it clear whether or not the rent referred to was in fact paid prior to the institution of these proceedings. If it was paid, though after action was brought therefor, before the issuance of a writ of possession (see Civil Laws, Chapter 106), we fail to see upon what theory the aid of a court of equity can now be invoked by the complainants. The mere fact that the lessee failed to pay each installment of rent until after an action for summary possession of the land was instituted, would not be sufficient ground to justify the granting of the relief prayed for. If, on the other hand, the rent has not been paid, it is clear that equity has no jurisdiction to grant the relief asked. Complainants have a plain, speedy and adequate remedy at law. An action may be brought either for recovery of the amount of the rent or for summary possession of the land, the latter under the statute above referred to. Moreover, equity will not enforce a forfeiture of the estate created by a lease for breach of one of the

covenants therein. *Hong Kim v. Hapai, ante* 328, 331. For these reasons we think that the bill was correctly dismissed.

The decree appealed from is affirmed.

*Achi & Johnson* for complainants.

*Andrews, Peters & Andrade* and *Holmes & Stanley* for respondents.