## BECKY L. K. KALAMAKEE BY HER GUARDIAN J. W. WAILEHUA KEIKI *v.* HENRY WHARTON AND WAIALUA AGRICULTURAL CO., LTD.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MAY 21, 1909. DECIDED JUNE 3, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

APPEAL AND ERROR—*exceptions—transcript.*

A transcript of evidence not made a part of a bill of exceptions by reference or otherwise, cannot be considered.

ID—*Amendment of bill of exceptions.*

A continuance in this court for the purpose of applying to the trial court for an amendment of a bill of exceptions will not be granted in the absence of a showing of grounds for the amendment.

ID.—*Burden of sustaining error.*

The burden of sustaining allegations of error is upon the appellant. Exceptions for the determination of which a transcript is necessary must, in its absence, be overruled.

### OPINION OF THE COURT BY PERRY, J.

This is an action to quiet title, instituted in January, 1900. On exceptions from the first trial this court in November, 1904, set aside a verdict for plaintiff, holding that upon the

undisputed evidence of adverse possession a verdict should have been directed for the defendants, and ordered a new trial. At the second trial had in January, 1906, the court, evidently regarding the evidence as being practically the same as that adduced at the first trial, directed a verdict for the defendants. Plaintiff excepts.

The bill of exceptions, although filed in February, 1906, was not allowed until March 2, 1909. Attached to the bill is a "transcript of portion of the testimony" but in the bill itself no reference is made to that or any other transcript making the same a part of the bill. Under these circumstances the alleged transcript cannot be considered by this court. It is not a part of the bill of exceptions. *Territory v. Ah Moon,* 14 Haw. 203, 204. See also *Keliiilihune v. Vierra,* 13 Haw. 28, 29, 30.

Following *Magoon v. Ahmi,* 11 Haw. 233, 234, leave was by this court, since the argument of the exceptions, granted to the plaintiff to file a motion for a continuance to enable her to apply to the circuit court for permission to amend the bill by making proper reference therein to the transcript, the plaintiff being by the order granting leave required to make a prima facie showing of grounds for asking the desired amendment. A motion for a continuance was filed, the only statement of grounds for the amendment being that contained in an affidavit by J. A. Magoon, the plaintiff's present attorney, to the effect that the omission of reference in the bill to the transcript and excerpts was "by an oversight." In answer to this court at the hearing of the motion Mr. Magoon added that the bill of exceptions was prepared and presented not by himself but by another attorney. It is obvious that Mr. Magoon cannot testify that the attorney who prepared and presented the bill omitted by oversight the reference to the transcript. The statement in the affidavit can refer only to Mr. Magoon's personal connection with the matter. A prima facie showing such as would

justify the trial court in granting the desired amendment has not been made. The motion for a continuance is denied.

The bill contains nine exceptions. Nos. 8, 9 and 10 are respectively to the direction of the verdict, to the verdict and to the overruling of the motion for a new trial. The burden is upon the appellant to sustain her allegations of error. Without a transcript of the material evidence it is impossible for us to say that the verdict or the rulings just referred to were erroneous as a matter of law. The same is true of exceptions numbered 1 and 2 to the disallowance of certain questions on the ground that they were "not proper cross-examination;" of No. 4 to the disallowance of a question on the ground that it was "not proper redirect;" and of No. 3 to the exclusion of certain proposed evidence on the ground that it was immaterial. Nos. 5 and 7 have been expressly abandoned.

The exceptions are overruled.

*J. A. Magoon* for plaintiff.

*Castle & Withington* and *C. W. Ashford* for defendants.