## NETTIE L. SCOTT *v.* E. N. PILIPO AND E. K. PILIPO.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED DECEMBER 4, 1913.　　　　　DECIDED DECEMBER 11, 1913.

### ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

LANDLORD AND TENANT—*failure of lessor to deliver possession—remedy at law.*

> The lessor's failure to deliver possession to the lessee, in so far as it is a violation of the lessor's duty under the lease, absolves the lessee from his obligation to pay rent and is available as a defense at law in an action for the recovery of the rent.

PLEADING—*inconsistent defenses.*

> The defense of eviction from certain designated portions of the demised land and that of an entire failure to obtain possession of the remainder are not inconsistent.

> Pleas are often entertained which cannot be reconciled with each other.

JUDGMENTS—*equitable relief against—defense available at law.*

> A court of equity will not restrain the enforcement of a judgment at law upon a ground which was available to the complainant as a defense in the action and which was not presented as a defense merely through the choice or fault of the defendant at law unmixed with any fraud, fault or negligence of the plaintiff.

OPINION OF THE COURT BY PERRY, J.

On August 21, 1894, Esther N. Pilipo and her daughter Elizabeth K. Pilipo as lessors executed in favor of Nettie L. Scott, as lessee, a lease of "fifty-three (53) shares out of their fifty-six (56) shares undivided of the land of Holualoa in North Kona, Hawaii", (the land is further described in the instrument) with certain so-called exceptions and reservations. The lease was expressed to be for a term of thirty years from September 1, 1894, and the rent reserved was at the rate of six dollars "for each of said shares per annum" until the expiration (1907) of a lease, then outstanding, of a portion of the ahupuaa and for the remainder of the term at the rate of fifteen dollars per share per annum. From the commencement of the term and until at least March 1, 1900, the lessees paid the agreed rental. On July 5, 1901, the lessors brought a suit in equity, alleging that by its terms the lease was to become void upon non-payment of rent for thirty days after demand, that lessee had "wilfully refused to pay the rents  *  *  *  as they became due and have utterly refused to pay said rents  *  *  * and have maliciously caused petitioners a great deal of trouble and expenses in the collection thereof by bringing suits in court" and that the lessee had repeatedly declared an intention "to make petitioners all the trouble and expenses that they could  *  *  *  in order that petitioners might be compelled to sell said premises," and praying that the lease be declared forfeited and be cancelled. The lessee resisted the attempt thus made to secure a termination of the tenancy, with the result that this court held that lessors had an adequate remedy at law and affirmed a decree dismissing the bill.

The rent was apparently further paid in full to March 1, 1902, for in April, 1906, the lessors commenced an action at law to recover $1113, rent which had accrued under the lease for the period from March 1, 1902, until September 1, 1905. Trial was not had until March, 1912, the judgment of the court, jury

having been waived, being for the plaintiffs for the amount claimed. Upon writ of error the judgment was affirmed. *Pilipo* v. *Scott,* ante 609. The lessee in that case had filed an answer of general denial but the only defense presented was that she had been evicted by the lessors from three comparatively small pieces of the hui land and had been thereby released from her obligation to pay any of the rent reserved and that an eviction had also occurred by reason of the lessors having interposed certain objections in a suit brought by Mrs. Scott in 1896 for the partition of all of the land of the hui.

This is a suit in equity for an injunction to restrain the lessors from enforcing the judgment last mentioned and from collecting any other sums as rent under the lease and for an order declaring the lease void and setting it aside. From decrees denying the lessors' motion to dissolve a temporary injunction and overruling a demurrer to the bill the case now comes to this court by interlocutory appeal.

The facts above recited are disclosed by the bill in which, in addition to its direct allegations, the complainant refers to the records in the action for rent, declares that they are "by reference incorporated herein" and prays "that the same be judicially noticed as if set out in full in the complaint." The records in the equity suit (1901) for cancellation of the lease had been received in evidence in the action for rent and are therefore to the same extent made a part of the bill. The same treatment is in the bill accorded to the records in the partition suit.

The allegations of the bill are somewhat detailed and lengthy but their substance may be briefly stated. While the complainant (lessee) confesses that she paid rent for a period of years, adding that she did so "relying on the expectation that she would secure possession by the partition proceedings", and further confesses, indirectly by the showing of the records in the lessors' suit to cancel the lease, that as late as 1901 she was unwilling to have the lease cancelled and desired the tenancy continued and says that upon the execution of the lease she "essay-

ed to enter, by completing the boundary fences (walls), clearing away the guavas and otherwise exercising rights of possession" on the 71-acre tract referred to in our opinion in the action for rent (ante, 609), she alleges that she "was completely defeated in her attempt to enter or to secure possession of any part of the lands represented by the demised 53 shares and ever since has been kept from possession of all and every part of the land so attempted to be entered upon" (meaning evidently the 71-acre tract) and that "there was no other part of the hui lands upon which complainant could then have entered under the terms of said lease, without interfering with the proscribed rights set out in the terms of said lease, of other members of the hui." In other words, her complaint is that at no time since the execution of the lease has she been able to obtain possession of any of the demised property.

It is clear that ordinarily a lessee's failure to obtain possession, or a lessor's failure to deliver possession, in so far as it is a violation of the lessor's duty under the lease, absolves the lessee from his obligation to pay rent and is available as a defense at law in an action for the recovery of the rent. *Kaale* v. *Petero,* 7 Haw. 180; 18 A. & E. Ency. Law 325; 24 Cyc. 1145-1147; 1 Taylor Landlord & Tenant, §378. This rule is recognized by the complainant. To avoid its effect she claims in the bill and in argument, and no other excuse is advanced, that the defense was not available to her in the action at law "for the reason that defendant" (now complainant) "in good faith claimed to have been evicted and the defense of not having entered would have been inconsistent therewith", that the trial court found that there had been no eviction and that this court "held the finding of the trial court to mean that when defendant essayed to enter upon said block of 71 acres her effort had failed and that defendant had never been in possession of any part of said 71 acres" and refused to disturb the finding on the ground that there was evidence to sustain it. Concerning this contention we have no hesitation in saying that the trial court did not find

that lessee had never been in possession of the 71-acre tract, or of any part of the ahupuaa other than the three comparatively small pieces above referred to, and that this court did not hold that the trial court did so find. The opinion filed by the lower court shows that the only defense there offered and considered was that the lessors "by taking possession of portions of the designated land" (meaning portions of the 71-acre piece) "and by sub-leasing other portions to a Japanese tenant" had been guilty of an eviction and that the only finding was that "there has been no eviction." The opinion leaves no room for the inference that the court found an utter lack of possession of any part of the demised property. This court, likewise, confined itself to a consideration of the sufficiency of the evidence, under the law, to support the finding that there had been no eviction with reference to the three small pieces of land within the 71-acre tract and of the soundness of the contention that an eviction occurred by reason of certain acts of the lessors in the course of the suit for partition. We held that there was evidence sufficient to support a finding that the lessee had not had possession of the three pieces specifically mentioned, but we did not consider the state of the evidence relating to any supposed absence of possession by the lessee of any other parts of the land. The judgment was affirmed because "the only defense relied upon" had failed of establishment. Ante 618. In saying that "the circuit court presumably took the view that the defendant had never obtained possession of the *area in question*" (ante 615) and that there was evidence to support the finding, reference was being made to the piece of land which was the only subject of discussion in that paragraph, to wit, the "land of the hui between the makai end of the kuleana and the Kailua road." (ll. 4 & 5, p. 615). Almost immediately following the sentence in which the words "the area in question" occur, are the statements that "possibly *the area here involved* was covered by the exceptions made in the lease of 'the houses, pineapples and coffee planted by the lessors adjoining the new

road' " and that *"the area* seems not to have extended all the way down to the road". These quotations show unmistakably that "the area" was simply a piece within the 71 acres and not, as the complainant contends, the whole tract and, of course, not the whole ahupuaa.

In the defense at law there was no claim of an eviction from all of the demised property. A defense of failure to obtain possession of the remainder of the ahupuaa would not have been inconsistent with that of eviction from the three small portions designated; and even a defense of failure to obtain possession of any part of the ahupuaa would not have been so inconsistent with that of the partial eviction mentioned as to render the two inadmissible at the same time. The practice in this respect is not as strict now as it was formerly. 31 Cyc. 147, 148; 16 Ency. Pl. & Pr. 570. Pleas are often entertained which cannot be reconciled with each other; and this is particularly appropriate in a jurisdiction where, as here, the statute liberally provides that under a plea of the general issue "the defendant may give in evidence, as a defense * * * , any matter of law or fact whatever." R. L., §1736.

Even assuming, however, that the two defenses were so inconsistent as to be inadmissible under the same answer of general denial, no cause exists for equitable interposition. No misrepresentation, deceit or other fraud on the part of the lessors is alleged in the bill. On the contrary it clearly appears that in the action at law the choice of defenses was wholly in the lessee's hands. The failure to avail herself of the defense of entire lack of possession was wholly due to her own choice or fault and is not attributable to any fraud, fault or negligence on the part of the lessors. Under such circumstances, it is well settled, equity will not enjoin the enforcement of a judgment at law. "A court of equity may only interfere with a judgment at law where 'the complainant has an equitable defense of which he could not avail himself at law because it did not amount to a legal defense or had a good defense at law which

he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents.' " *Norris* v. *Herblay,* 9 Haw. 514, 515.   To the same effect are *Mills* v. *Briggs,* 4 Haw. 506; *Hackfeld* v. *Bal,* 6 Haw. 364; *Atcherley* v. *Jarrett,* 19 Haw. 511; 2 Story Eq. Jur. §887; *Marine Ins. Co.* v. *Hodgson,* 7 Cr. 331; and *United States* v. *Throckmorton,* 98 U. S. 61.

The bill contains a prayer for the cancellation of the lease, but in support of the prayer no facts are stated other than those already considered.

The cause is remanded to the circuit judge with instructions to dissolve the temporary injunction and to sustain the demurrer and for such further proceedings, not inconsistent with this opinion, as may be proper.

*M. F. Scott,* by leave of court, and *J. W. Cathcart* for plaintiff.

*E. K. Aiu* and *N. W. Aluli* for defendants.

