*L. Andrews* for defendant.

---

NETTIE L. SCOTT *v.* E. N. PILIPO AND E. K. PILIPO.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JUNE 1, 1914.                    DECIDED JUNE 16, 1914.

ROBERTSON, C. J., WATSON AND QUARLES, JJ.

PLEADING—*bill in equity—exhibits.*

Where a record or other writing constitutes a substantial part of the claim upon which a complainant seeks relief it may be pleaded by describing it and averring its substance and legal effect, or it may be referred to in the bill and a copy annexed as an exhibit, but a judicial record merely referred to with a prayer that it be judicially noticed as if set out in full is not thereby made a part of the bill of complaint.

LANDLORD AND TENANT—*failure of lessor to deliver possession—relief in equity.*

The failure of the lessor to give the lessee possession, or the inability of the latter to obtain possession of the demised premises, is available by way of defense in an action at law to recover rent irrespective of the presence or absence of fraud on the lessor's part. Such an action, or the enforcement of a judgment obtained therein, will not be enjoined where the defense was not presented through the choice or fault of the defendant in the action unmixed with any fraud, fault or negligence on the part of the plaintiff, nor, under such circumstances, will equity compel the return of money paid in satisfaction of such a judgment.

SAME—*tenants in common—possession—rent.*

Where the lessor and lessee are also tenants in common an ouster of the lessee by the lessor would constitute a defense to

a claim for rent, but the mere retention of possession by the lessor would not constitute an ouster of the lessee nor terminate the obligation of the latter to pay rent.

SAME—*claim for rent voluntarily paid—laches.*

Complainant's laches will defeat a claim in equity for the return of rent voluntarily paid under a lease where, if complainant ever had any ground for making such claim, over fourteen years have elapsed since it arose.

## OPINION OF THE COURT BY ROBERTSON, C.J.

This is an interlocutory appeal allowed by the circuit judge from an order overruling a demurrer to a bill in equity for the cancellation of a lease and other relief. In some respects the bill of complaint is prolix and contains matter which is objectionable from the standpoint of good pleading, while in other respects it is lacking in definite statements on important matters, but no objection to its form has been urged in this court. The substance of its principal averments will be stated. A copy of the lease sought to be cancelled is attached as an exhibit to the bill.

Some of the averments of the bill refer to certain previous litigation between the parties, namely, a suit for the partition of the demised premises, and an action for the recovery of rent reserved in the lease. In addition to reciting certain of the proceedings had in those cases substantially the following reference was made to each, "The records of said action are hereby referred to and by reference incorporated herein, and complainant prays that the same be judicially noticed as if set out in full in this complaint," and the husband of the complainant who has been permitted to appear for his wife seems to have understood that by such reference the exhibits, including the record in a prior equity suit between the parties, and a transcript of testimony, as well as the records proper of those cases, were incorporated in and made part of the bill of complaint. In *Scott* v. *Pilipo,* 21 Haw. 766, in the absence of objection, and the questions being simple, we overlooked a like

defect in the pleading and considered the records referred to. The course taken in that case is not to be regarded as a precedent and we are not disposed to follow it in this case. Where a record or other writing constitutes a substantial part of the claim upon which a complainant seeks relief it may be pleaded by describing it and averring its substance and legal effect (16 Cyc. 236; *de Souza* v. *Soares,* 21 Haw. 330) or it may be referred to in the bill and a copy annexed as an exhibit (16 Cyc. 237; *Bias* v. *Vickers,* 27 W. Va. 456, 461; *Harvey* v. *Kelly,* 41 Miss. 490) while a writing pleaded incidentally with a view to offering it in evidence at the hearing need not be so set forth (*Cyc., supra*). Furthermore, the evidence in a case, documentary or oral, does not constitute a part of the record except where it is made such in a proper manner for the purpose of securing a review of the judgment or decree in the particular case. 3 Cyc. 57; *Kalamakee* v. *Wharton,* 19 Haw. 472; *Clifford* v. *Hudson County Court,* 61 N. J. L. 493. The averments of the bill in so far as they state the nature and effect of the cases referred to and set forth some of the proceedings had therein may properly be considered, but further than that those records, or the evidence, cannot be regarded as having been made parts of the bill.

The bill prays that the lease be cancelled; that the respondents be enjoined from enforcing a verdict for $464 obtained against the complainant in 1902 in an action for rent brought in the circuit court of the third circuit, and from prosecuting any claim for rent accruing subsequent to September 1, 1905; that the complainant be relieved from paying further rent; that complainant have judgment against the respondents for various sums aggregating the sum of $4343 for rents paid under the lease to March 1, 1900, the amount of the judgment recovered by the respondents in the last law action, a sum paid for taxes upon the demised premises, interest on said sums, also costs of court and attorney's fees paid by the complainant in the previous litigation. The respondents demurred to the bill upon

several grounds, those pressed in this court being that the bill discloses laches on complainant's part, that complainant has an adequate remedy at law, that complainant has not come into court with clean hands and has not offered to do equity, that complainant has accepted, ratified and elected to stand by the lease, and that as to any defenses she interposed or might have set up to the claim for rent up to September 1905, they are *res judicata,* the judgment in the law action having determined the rights of the parties. The demurrer went to the whole bill as well as to parts of it, and the part of the prayer relating to the monetary claims. Apart from the averments of the bill we may take judicial notice of the fact that on June 19, 1913, this court affirmed the judgment for plaintiffs in the action brought by the respondents against the complainant to recover rent to September 1, 1905, and the reasons therefor as stated in the opinion. *Pilipo* v. *Scott,* 21 Haw. 609. Also that on December 11, 1913, on an interlocutory appeal from a decree overruling a demurrer to a bill for an injunction brought by the complainant to restrain the respondents from enforcing the judgment in the above mentioned case, the cause was remanded to the circuit judge with instructions to sustain the demurrer. *Scott* v. *Pilipo, supra.* The bill in that case also prayed for the cancellation of the lease but the court found no ground upon which to grant such relief.

It is averred in the bill in the present case that on August 21, 1894, the respondents leased to the complainant an undivided interest in the hui land of Holualoa, Hawaii, for the term of thirty years beginning September 1, 1894, the rental being six dollars per annum per "share" for 53 "shares" until the expiration of a lease of a portion of the land then held by one Gouveia, and thereafter at the rate of fifteen dollars per share. This lease was construed in the case reported in 21 Haw. 609 where other of its main provisions are set forth. As pointed out in the opinion in that case the effect of the lease was to create a tenancy in common between the lessee and Miss

Pilipo as well as the other shareholders in the hui, the complainant's interest in the land being 53|353, excepting, however, certain specified portions; and subject to the lease to Gouveia, and the occupancy of certain other parcels "by members of the hui either as house-lots or agricultural purposes in places heretofore planted by them." It is also averred in the bill that the lease to Gouveia, made in 1887 for the term of twenty years, the rent having been paid in advance for the full term, expired in September 1907; that it was the custom of the hui to make allotments for use in severalty to each of the respective cotenants in the part of the hui land adjoining the upper government road which was suitable for agricultural purposes; that prior to the execution of the lease Miss Pilipo pointed out to complainant's agent the part which, with the acquiescence of the other cotenants, had been allotted for use to the lessors and upon which the lessee was to enter; that the president of the hui likewise pointed out the part which had been allotted to the Pilipos; that the part so designated was a portion of a tract of about 71 acres of agricultural land lying between the upper government road and the Kailua road; that the complainant obtained leases from three other shareholders who were occupying portions of said tract; that upon the execution of the lease the complainant essayed to take possession of the whole of the 71 acre tract by entering upon a portion or portions of it, clearing off the guava growth, completing the boundary fences and otherwise exercising possession; that the complainant voluntarily paid rent amounting to $1590 covering a period of more than four years upon the expectation that she would be "restored to possession" by the partition proceedings which had been instituted; that the lessee continued in the belief that she had acquired actual possession of the whole tract until she was apprised by the decision of this court that her possession was ineffectual as against the persons who were in prior actual occupancy of three small pieces of the land from which the complainant claimed to have been evicted; that thereafter the

respondents made leases to other persons of portions of the 71 acre tract; that the respondents continued to occupy portions thereof, the entire interest represented by the demised 53 shares being wholly occupied; that complainant was completely defeated in her attempt to enter or secure possession of any part of the lands represented by the demised shares; that there was no other part of the hui land upon which complainant could have entered without interfering with the prescribed rights set out in the lease of other members of the hui; that at the time of the execution of the lease the lessors fraudulently concealed from the lessee the fact that all the tangible rights and interests represented by the demised 53 shares were in the possession of others with no obligation to surrender the same when wanted; that the fraud of concealment thus perpetrated at the inception of the lease was further augmented by every demand for and payment of rent; that there was a renewal of the fraud in filing the verified complaint in the said action at law, alleging that the lessee had entered into possession; that the fraud was adhered to throughout the long trial of said action and only confessed at its very close.

These averments are largely a repetition of those upon which the injunction against the enforcement of the judgment in the law action was sought.  21 Haw. 766.  They are now repeated with other averments with the view to restraining the further prosecution of the action for rent in the circuit court of the third circuit, to the return of the amount paid in satisfaction of the judgment in the last law action, and the recovery of the amounts paid for costs of court and attorney's fees in the previous litigation.  The reasoning of the opinion of this court in the last equity case applies here.  It was there held that in so far as the failure of the lessors to deliver possession to the lessee was a violation of duty on their part it would absolve the lessee from her obligation to pay rent, that the defense was available in the action at law for the recovery of the rent, and that the enforcement of the judgment would not be restrained upon a

ground which was available as a defense in the action but which was not presented through the choice or fault of the defendant in the action unmixed with any fraud, fault or negligence on the part of the plaintiffs. 21 Haw. 766. In the ordinary relation of lessor and lessee the refusal of the former to put the latter in possession or the inability of the tenant without fault on his part to obtain possession would, under our practice, constitute a defense to an action to recover rent, and where the lessor and lessee are also tenants in common doubtless an ouster of the lessee by the lessor would have the same effect. But as tenants in common hold by unity of possession, each being equally entitled to the use and benefit of the common property, the mere retention of possession by the lessor would not constitute an ouster of the lessee or terminate the obligation of the latter to pay rent. The impracticability of using land owned in common for residence or agricultural purposes is apparent, hence the practice of Hawaiian huis by custom or written regulation to provide for the occupation in severalty of portions of the common property. It is undoubtedly competent from a legal standpoint for the cotenants to make such an arrangement. *Lui* v. *Kaleikini*, 10 Haw. 391. A valid tenancy might very well be created with reference to a parcel of land so held in severalty subject to the termination of the landlord's right to so hold by reason of the lawful abrogation of the custom or regulation, or upon a partition of the premises. Assuming, without deciding, that notwithstanding the lease in question was of an undivided interest in the land, the lessee, under the circumstances alleged, had the right to demand and receive from the lessors the exclusive possession of a part of the land, and that the failure of the lessors to give possession according to such demand, if made, would have relieved the lessee from the payment of rent, the allegation in the present bill of fraud on the part of Miss Pilipo in pointing out a portion of the land as being available for exclusive occupancy adds nothing to the situation as it was presented by the previous bill. The failure of the lessors to deliver

possession or the inability of the lessee to obtain possession as a defense in the action for rent did not depend on the presence or absence of fraud. The defense was equally available whether such failure on the part of the lessors or inability on the part of the lessee resulted from the lessors' fraud or from some act or condition not tainted with fraud. We hold, therefore, that as to this part of the bill the complainant's remedy, if any, was at law.

The averments to the effect that the lessors' fraud was "re-enacted" in the first equity suit and "renewed" in the second law action are inconsistent with the averments to the effect that the complainant did in fact enter upon the land, and cleared portions of it, completed the boundary fences, and otherwise exercised acts of possession.

Although it is averred that the complainant continued in the alleged mistaken belief that she was in possession of the entire tract of 71 acres, there is nothing in the bill to show that she was ignorant of the facts, and the averments in connection with the complainant's inability to get possession of the particular part of the land which she desired and expected to possess show that she became aware of that fact soon after the execution of the lease, yet she continued to pay the rent for about four years. If the complainant ever had any ground for claiming the return of the money so voluntarily paid the statute of limitations has long since run against the claim and complainant's laches would defeat the claim as now made, more than fourteen years having elapsed since it first arose.

The manner in which the land was occupied and used by the members of the hui, and the terms of the lease between the parties to this litigation, and the fact that Mrs. Scott was a shareholder in the hui in her own right as well as the tenant of several other shareholders gave rise to a complicated situation. The condition should have been simplified by the partition of the land if that has been completed. The averments of the bill with respect to this phase of the case do not make the matter

clear. It is averred that in the year 1896 the complainant and her husband, being owners in their own right of shares in the hui, instituted a suit for the partition of the land; that in said suit commissioners were appointed to report on the feasibility of partitioning the land; that the commissioners made a report recommending the partitioning in kind of parts of the land and the sale of other parts; that on June 13, 1899, a decree was entered in accordance with the recommendations of the report, and one Wall was appointed commissioner to effectuate the decree; that in 1903 the commissioner sold the upper forest belt which was included in the Gouveia lease, the sale being confirmed by the court; that on July 5, 1905, the belt of kula land lying between a strip adjoining the beach and the agricultural belt was sold and the sale confirmed; that during the year 1904 the strip adjoining the beach and the agricultural belt makai of the upper road were surveyed and partitioned among the shareholders in severalty; and that said partition was later confirmed. But it does not appear what was done with reference to the strip of agricultural land which lies between the upper road and the forest land which was sold; nor does it appear what disposition was made of the proceeds of the sales which were made; nor whether the lessee received any portion of or interest in any of such proceeds of sale; nor does it appear whether the lessee has been prevented from entering upon any of the land which has been set off to the respondents. At the time the lease was executed the parties contemplated the partitioning of the premises and in the absence of any provision in either the lease or the decree of partition defining their respective rights, the tenancy presumably would attach to that part of the land set off to the lessors unless because of the sale of substantial portions of the land and the distribution of the proceeds of sale the conditions have so changed that the lessee would in equity be entitled to have the lease cancelled. From certain statements made in course of the argument in this court, which however were of matters not set forth in the bill, it would

seem that the complainant may be entitled to either the cancellation of the lease or at least an adjustment and reduction of the rent. It is not shown, however, that the partition of the land has been substantially completed and it is impossible to say, upon the averments of the bill, what relief, if any, the changed conditions may require.

The order appealed from is reversed and the case is remanded to the circuit judge with instructions to sustain the demurrer.

*M. F. Scott* for complainant.

*E. K. Aiu* and *N. W. Aluli* for respondents.