NETTIE L. SCOTT *v.* E. N. PILIPO AND E. K. PILIPO.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED DECEMBER 21, 1914.                    DECIDED JANUARY 5, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

LANDLORD AND TENANT—*quiet enjoyment—specific performance—remedy at law.*

The legal remedy of a lessee for the breach of a covenant for quiet enjoyment is an action of ejectment or an action on the covenant for damages. Specific performance is a purely equitable remedy and is obtainable only in cases where the legal remedy would be inadequate, impracticable or doubtful.

OPINION OF THE COURT BY ROBERTSON, C. J.

This is a suit in equity in which the original bill of complaint prayed for the cancellation of a lease made between the defendants as lessors and the complainant as lessee, dated August 21, 1894, and for other relief. The case came to this court on an interlocutory appeal from an order overruling a demurrer to the bill, and there was a reversal. Ante, p. 174. Thereafter the circuit judge allowed an amended bill to be filed. The amended bill contains substantially the same averments of fact as the original bill contained, and they were summarized in the former opinion. The present bill prays that the defendants be required to specifically perform the covenant for quiet enjoyment contained in the lease by putting the complainant into possession of the demised premises, or so much thereof "as may remain available for possession by lessee;" that "in the event of the whole of the demised premises not being available for entry" the rent be apportioned; and that prior rents paid by the complainant be applied to the payment of rents to accrue after the complainant is given possession; and there is an alternative prayer to the effect that if the covenant "be impossible of performance" because of "no part being

available for possesssion by lessee" the lease be cancelled and the amount of rental previously paid by the complainant be refunded to her. The circuit judge sustained a demurrer to the bill and the complainant appeals.

In so far as the alternative relief prayed for is concerned, it was held in the previous decision that, upon the averments to the bill, the complainant was not entitled to it, and it was suggested that upon the completion of the partition of the land the situation may become such that the complainant might be entitled to equitable relief of some sort. At present there appears to be no ground for resorting to equity. One ground of demurrer to the amended bill was that the complainant has a plain, adequate and complete remedy at law, and counsel urge that "the most usual remedy for a breach of covenant for quiet enjoyment is an action of covenant in which damages are sought and recovered in proportion to the injuries sustained," citing 24 Cyc. 1060. We are of the opinion that the position is well taken. We have already held that the inability of the complainant to obtain possession under her lease, if proven, would be a good defense to an action at law for the recovery of rent. (21 Haw. 766, 769; ante, p. 181.) For the breach of the covenant for quiet enjoyment the lessee, furthermore, may maintain an action for damages. Counsel for the complainant contends, however, that if the lessee's remedy is to be confined to an action at law for damages, or a defense against a claim for rent, the lessor may continue to withhold from the lessee possession of the premises which by the terms of the lease the lessee is entitled to, and that damages would not be an adequate or satisfactory substitute. But an adequate remedy at law is provided by an action of ejectment where the breach of covenant consists in the exclusion of the lessee by the lessor from possession of the demised premises. The remedy of specific performance is purely equitable and is obtainable as a substitute for the legal remedy of compensation only where the legal remedy is inadequate, impracticable or doubtful. 4 Pom. Eq.

Jur. (3d ed.) Sec. 1401. See *Ahuna* v. *Kauahikaua,* 3 Haw. 730; *Tai Lan* v. *Contrades,* 14 Haw. 392. If there be any doubt as to the adequacy of the complainant's affirmative legal remedies it arises out of the fact that pending the completion of the partition proceedings there will be a period in which, as it may be inferred from the bill, there will be uncertainty as to the actual status of the property, and the rights of the parties therein in severalty will not have been defined and settled. It is a difficulty which would affect equally the granting of relief in equity.

The mutual rights of these parties with respect to the lease in question have so often been discussed by this court that we do not feel called upon to go more at length into the matter at this time.

The decree appealed from is affirmed.

*M. F. Scott* for plaintiff.

*N. W. Aluli* (*E. K. Aiu* with him on the brief) for defendants.