## ELIZABETH K. PILIPO AND ESTHER N. PILIPO *v.* NETTIE L. SCOTT.

## No. 876.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

### HON. T: B. STUART, JUDGE.

ARGUED OCTOBER 18, 1915.          DECIDED OCTOBER 27, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

JUDGMENTS—*res judicata.*

A fact or question in issue and litigated. in a former action between parties is conclusively settled by the judgment therein and they are bound by the adjudication in another action between them though the cause of action or subject matter be different.

APPEAL AND ERROR—*instructions—harmless error.*

Where on the trial of an action at law the evidence is such that the verdict must necessarily be for the plaintiff, errors in the giving or refusing of instructions which do not affect the measure of damages are harmless.

OPINION OF THE COURT BY ROBERTSON, C.J.

On January 28, 1915, the plaintiffs commenced an action in the circuit court against the defendant to recover the sum of $2703 rent alleged to be due and unpaid under a lease of certain interests in the land of Holualoa, island of Hawaii, dated August 21, 1894, covering the period from September 1, 1905, to March 1, 1914. The jury rendered a verdict for the plaintiffs for the sum of $1908, the amount of six years' rent. The defendant brings a bill of exceptions to this court. Much litigation has grown out of the lease in question, and cases between these parties which have reached this court are reported in 13 Haw. 632; 21 Haw. 609, 766, and 22 Haw. 174, 412. We have heretofore said and reiterated that the failure of the lessors to deliver

possession of the land, or the inability of the lessee to get possession, if proven, would constitute a defense to an action at law for the recovery of rent under the lease. 21 Haw. 769; 22 Haw. 181, 413. And in view of the discussions in the opinions referred to as to the relations of these parties and their ·respective rights and obligations under the lease it would be supposed that in another case the facts would have been shown with care and thoroughness and the contentions presented with clearness and precision. The defendant's answer was a general denial with notice that the defendant "also relies on the defense of the statute of limitations and on the defense of eviction from the demised premises." The case was tried with considerable looseness, much of the testimony having relation to circumstances connected with the suit for the partition of the land, to which suit some of our prior opinions have referred. But the matter of the partition was left by the evidence in a position which rendered it of no practical value so far as the issues sought to be presented in this case were concerned, and the defendant seems to· attach little, if any, importance to them except in connection with her exceptions to certain instructions given or refused. It seems that the partition, so far as it related to the allotment to the plaintiffs, was substantially completed in 1913. But there was no evidence to show whether the defendant's interest as lessee of plaintiffs was protected in the partition, or, if not, whether any demand to be let into possession of the land set off to the plaintiffs was made by the defendant, or whether any other attempt to obtain possession has since been made by her. M. F. Scott, the defendant's husband, appeared in the dual capacity of the only witness for the defense and sole counsel for the defendant, and this did not tend to clarify the presentation of the case but rather to confuse it. From the transcript of the proceedings it is difficult to determine as to some of the

things said by Mr. Scott whether they were intended to be testimony of the witness or remarks of counsel. Mr. Scott, testifying as a witness for the defense, in support of the claim of eviction, proceeded to state that upon obtaining the lease the defendant entered upon the land and began to clear it, and repaired the fences; that in 1895 the plaintiffs "claimed quite a patch" upon which coffee trees were bearing and gathered the crop, and that they leased a portion of the area claimed to have been taken into possession by the defendant to a Japanese. Counsel for the plaintiffs objected to this line of testimony upon the ground that the matters mentioned by the witness were *res judicata,* they having been shown in evidence in a former action between these parties. Counsel was referring to the trial of the case afterwards reported in 21 Haw. 609, wherein it was held that the acts referred to did not constitute an eviction because, upon conflicting evidence, it had been determined that as to those specific portions of the land the defendant had never been in possession. The record in the former case was not produced, but it was admitted by the defendant's attorney that upon such former trial the acts in question had been decided not to have constituted an eviction of the defendant. In the course of the argument which followed counsel for the defendant endeavored, without much success, to explain his position with reference to the facts he intended or claimed the right to show. His position seems to have been that though the facts he sought to testify to were the same as were in evidence in the prior trial, yet as they had continued past the period for which rent was claimed in that action into and during the period covered by the present action, they should be regarded as having the effect of acts of eviction committed during the latter period and, therefore, constituting a defense to the present claim. Referring to the fact that the prior case had been decided against the defendant upon conflicting testimony,

counsel said "Now I am going to see what this jury think about it. We are going to have the same facts." There was no merit in that position for the reason that those acts which did not in their inception constitute eviction (because the defendant had never acquired possession of the parcels in question and the plaintiffs had rights in the land as owners of shares in the hui) could not by reason of their continuance be held to have become such. At the conclusion of the argument the court expressed the view— alleged by defendant to have been erroneous—that the prior adjudication concluded the defendant not only as to the facts that were in dispute and actually litigated but also as to such other facts as could have been pleaded in the former action. No evidence of any such other facts was offered. The ruling was evidently intended—and its effect was—to sustain the plaintiffs' objection. An exception was noted for the defendant, the bill of exceptions (exception 1) stating that "M. F. Scott, a witness for defendant, being at the time on the witness stand, defendant made offer of evidence to prove facts claimed by defendant to constitute evictions ascribable to lessors." This, we understand, had reference to the alleged acts of eviction which the witness was testifying to when he was interrupted by the objection of plaintiffs' counsel. The ruling was correct as applied to the facts to which the witness was testifying. It is well settled that a fact or question in issue and litigated in a former action between parties is conclusively settled by the judgment therein and they are bound by the adjudication in another action between them though the cause of action or subject matter be different. 23 Cyc. 1215; *Cromwell v. Sac. Co.*, 94 U. S. 351; *Haw. Com. & Sug. Co.* v. *Wailuku Sug. Co.*, 14 Haw. 50, 54. But counsel for the defendant now contends that upon the trial he made an offer of proof of acts to show eviction which occurred subsequent to the period for which rent was claimed in the former action

(1902-1905) and of acts done prior thereto but which were not litigated in the former action, which offer was refused by the court and the evidence excluded by the ruling made as above stated. In this the record does not sustain him. The record does show that after the objection was interposed, the ruling made and the exception noted as above shown, the court asked Mr. Scott to "state those facts separately which you claim have arisen since the last action that amounts to an eviction or to a defense." In response thereto Mr. Scott stated that since 1905 Miss Pilipo had sold a piece of the land to Dr. Haida, and had sold her interest in a 1000 acre tract "above the road" to Mr. Aiu, and that all of the hui land above the 1000 acre tract had been sold in 1907. As just stated, this was brought out by the request interposed by the court. Evidently it was not regarded as an offer of proof by anyone concerned. The court had already made it clear that evidence of acts of eviction occurring subsequently to the period involved in the prior case would be admitted. No objection was made by counsel for the plaintiffs to the reply made to the court, hence there was no ruling made by the court nor exception noted by the defendant. The matter went no further, and there was nothing to except to.

There were several exceptions to instructions given to the jury and to the refusal to give certain instructions requested by the defendant. It will not be necessary to consider them. As the evidence stood at the close of the case the verdict must inevitably have been for the plaintiffs. The non-payment of the rent was admitted, and, aside from the pleading of the statute of limitations, the effect of which was to limit the amount of the recovery to six years' rental, there being no evidence of eviction, no defense was shown. Here, then, as in the former action (21 Haw. 609), the only defense relied upon having failed of establishment, the plaintiffs were entitled to recover. The evidence being

such that the verdict must necessarily have been for the plaintiffs whatever errors, if any, were committed in the giving or refusing of instructions, none of which affected the measure of damages, were obviously harmless.

Mr. Scott testified that since the year 1900 the defendant has had no beneficial use of any land under her lease. If this is so, and the fact is not attributable to the neglect or other fault of the defendant, it certainly is a great hardship that she should continue to be held liable for the rent reserved in the lease, and under such circumstances there ought to be some remedy in the premises. There are indications, however, that the defendant has failed to assert and protect her rights in a proper manner and at the proper time. Be that as it may, so far as the present exceptions are concerned we are obliged to decide them upon the record as it was made in the trial court and is presented to this court for review.

The exceptions are overruled.

*E. K. Aiu* (*N. W. Aluli* with him on the brief) for plaintiffs.

*M. F. Scott* for defendant.