## TERRITORY *v.* JAMES M. KEALOHA.

### No. 1145.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT. HON. W. H. HEEN, JUDGE.

ARGUED MARCH 27, 1919. DECIDED APRIL 2, 1919.

COKE, C. J., KEMP AND EDINGS, JJ.

APPEAL AND ERROR—*exceptions—burden of sustaining error—transscript.*

The burden of sustaining allegations of error is upon appellant and where for the proper determination of the merits of exceptions a transcript is necessary and none is supplied the exceptions will be overruled.

OPINION OF THE COURT BY COKE, C. J.

From the very meager record before us it appears

that the defendant James M. Kealoha was convicted in the circuit court of the first judicial circuit upon an indictment containing two counts. The first count in the indictment charged the defendant with the crime of conspiracy to forge the name of her late Majesty, Queen Liliuokalani, to a will and the second count charged the commission of the crime of perjury and subornation of perjury in order to obtain the probate of the forged will. The defendant Kealoha was found guilty by a jury on both counts of the indictment and now comes to this court by a bill of exceptions which contains eight separate exceptions. The first six exceptions are taken to certain rulings of the trial court in reference to the introduction of evidence by the prosecution. Exception 7 is to the verdict of the jury and exception 8 challenges the correctness of the ruling of the trial court overruling defendant's motion for a new trial.

The record before us does not contain the indictment nor the will which it is alleged was forged nor any of the exhibits introduced at the trial. There is no record of the proceedings had in the court below nor is there any transcript of the evidence save that in the bill of exceptions there are contained some brief and incomplete excerpts from the testimony taken at the trial. The record, such as we have before us, is so deficient as to render it utterly impossible for us to pass upon the merits of the several exceptions presented and any attempt to do so would be confined to mere speculation and conjecture. Where a cause is brought to this court by bill of exceptions it is only necessary for the appellant to bring up sufficient of the proceedings of the court below to enable the appellate court to intelligently determine the merits of the exceptions. (*Do Rego* v. *Oyagi, ante* p. 664.) That has not been done in this case. The defendant recites in his bill of exceptions that he "refers

to the indictment, the demurrer of the defendant, James M. Kealoha, the plea of the defendant, the minutes of the clerk of said court and the records of said court in this case, the reporter's notes and transcript of evidence, the charge to the jury, the verdict of the jury and the judgment rendered thereon, defendant James M. Kealoha's motion for a new trial, making each and every one of them or certified copies thereof a part of this bill of exceptions as fully as if each one of them were incorporated herein;" but none of these numerous records and documents, except defendant's motion for a new trial, has been brought to this court with the record. The burden of sustaining allegations of error is upon appellant and where for the proper determination of the merits of exceptions a transcript is necessary and none is supplied the exceptions will be overruled. See *Kalamakee* v. *Wharton,* 19 Haw. 472; *Scott* v. *Pilipo,* 22 Haw. 174; *Smithies* v. *Notley,* 22 Haw. 519.

The record before us is so incomplete as to render futile any attempt to determine the merits of the exceptions and for that reason they must be and are overruled.

*C. S. Davis,* Second Deputy City and County Attorney (*A. M. Brown,* City and County Attorney, and *A. M. Cristy,* First Deputy City and County Attorney, with him on the brief), for the Territory.

*W. C. Achi, Sr.* (*Achi & Achi* on the brief) for defendant.