T. W. RAWLINS *vs.* THE HONOLULU SOAP WORKS COMPANY.

EXCEPTIONS.

HEARING, JUNE 23, 1894.            DECISION, JULY 12, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

(1) A demurrer to a declaration was sustained in the Circuit Court on a particular point and exceptions taken to the Supreme Court and there overruled. The Supreme Court held the declaration deficient on another point and sustained the demurrer on this point and said that the plaintiff should be allowed to amend and remanded the case to the Circuit Court for further proceedings. The defendant then caused judgment to be entered in his favor : Held, the judgment so entered was null and void, because the decision of the Supreme Court showed that the case was not finally disposed of, and was premature because there was then no opportunity for the plaintiff

to ask allowance of his amendment, the Circuit Court not being in session.

(2) A decree in equity in a former suit between the parties was pleaded in bar to the present suit. The decree did not indicate upon which of several contested points it was founded : Held, it was competent to ascertain by extrinsic evidence the precise point which had been determined in the former suit. An inspection of the decision disclosing that the point in the present case was not determined in the former case it is open in the present case.

OPINION OF THE COURT, BY JUDD, C.J.

An injunction issued by Judge Cooper of the Circuit Court, First Circuit, in behalf of the defendant corporation to restrain the plaintiff from interfering with the management, charge or control of the defendant's works was made perpetual on the 31st May, 1893. No appeal was taken. The Circuit Judge, though considerable testimony was taken upon both sides of the question whether the present plaintiff had performed his duties in a skillful and proper manner to the satisfaction of the company as required by the contract of hiring, held that the evidence was immaterial so far as that proceeding was concerned. The Judge then said, "The defendant has seen fit to enter into a contract by which he agreed to perform certain duties to the satisfaction of the plaintiff and under the terms of that contract it seems clear to me that the company could at any time discharge the defendant subject of course to his actions at law for damages for an unlawful discharge."

On the 18th July, 1893, the plaintiff, Rawlins, brought his action against the company for damages for breach of the contract. A demurrer was interposed. On the 7th August the demurrer was sustained on the ground that the declaration was insufficient in law in that it did not set out that Rawlins had performed his duties to the satisfaction of the company and that the allegation in the complaint that the defendant "duly discharged all the duties" required of him under the contract is sufficient to show that his services were rendered to the satisfaction of the defendant.

On exceptions to the Supreme Court it was held December 14th, 1893, *inter alia*, that as by the contract the plaintiff agreed to work in a "skillful and proper manner" and "to the satisfaction of the defendant, the defendant is bound to be satisfied if the work is done in a skillful and proper manner." The demurrer was overruled on this ground. But the court held that the allegation of defendant's breach was insufficient, in that, as the contract provided that suspension of the works for a period of over three months would suspend the salary of the plaintiff until the work was resumed, the declaration should contain an averment to show that the defendant's alleged breach did not come within the exception. The decision ends with these words: "The demurrer is sustained on the ground that the allegation of defendant's breach is insufficient as above indicated but overruled as to other points. The plaintiff should be allowed to amend his complaint as indicated and the case is remanded to the Circuit Court for such further proceedings as may be proper." The Circuit Court was not then in session.

Thereafter on the 28th December, the Clerk of the Supreme Court, at the instance of the defendant's attorneys entered judgment that the plaintiff take nothing by his said suit and pay costs. On the same day the plaintiff filed his motion with the clerk for leave to amend his complaint by the adding of an allegation that defendant's refusal to allow him to perform his contract and to pay him his wages was not caused by the suspension of the works and averring that ever since the making of the contract the defendant has and now is running its said works. At the opening of the ensuing term of the Circuit Court, February, 1894, the presiding judge heard the motion for leave to amend and granted the same on the 6th April. On the 9th April the amended complaint was filed. On the 16th April the defendant took exceptions to the allowance of the motion for leave to amend.

On the 23rd April the defendant filed special pleas in bar to the amended declaration.

To these a replication was filed by the plaintiff.

Then defendant on the 5th May, 1894, demurred to the replication.

By stipulation a *pro forma* judgment was entered in the Circuit Court adjudging the defendant's pleas and demurrer to be bad, to which defendant excepted and the case is now before us on the questions raised by the pleadings.

The first plea is of the judgment for the defendant entered on the sustaining of the demurrer.

This is replied to by plaintiff setting forth that plaintiff's declaration was sustained by the Supreme Court on all the points raised by defendant and that the court stated that the plaintiff should be allowed to amend the same, but before plaintiff's amendment was filed the judgment was entered without authority before the case had been remanded to the Circuit Court, and is therefore null and void and was so held by Judge Whiting, presiding Judge of the Circuit Court, First Circuit, at the last term and, not being appealed from, the judgment of nullity is binding upon all parties. This replication is demurred to by defendant.

It is urged upon us that this court had no authority to say that an amendment to the declaration should be allowed but that it should have been asked for in the Circuit Court before the case came to us on exception. We do not so hold. The point raised by the demurrer and argued was that the contract itself upon which the declaration was based disclosed no cause of action, in that the defendant company had the right to dismiss plaintiff from the office of manager even though he may have performed his duties "in a skillful and proper manner." The Circuit Court sustained the view presented by the demurrer. The plaintiff, therefore, had no occasion to ask for the amendment. He was out of court altogether on the sustaining of the demurrer. When he was replaced in the Circuit Court was his opportunity for the amendment  We do not find that this point was argued in either the Circuit or Supreme Courts, though it may be gathered from the brief filed. This court might properly have overruled the demurrer without going into the matter

of requiring an allegation that the works were not suspended for a period of over three months. We noticed it and held that such an allegation was essential and in order to prevent further proceedings and exceptions on this point declared that the right of plaintiff to amend should be allowed him. *Hall vs. Lawrence*, 22 N. J. L. p. 84, is authority to show both that the Appellate Court has power to authorize the lower court to allow an amendment and that the lower court in this case correctly construed the order of this court in holding that the court intended not to render final judgment but to allow the lower court to proceed further as by allowing an amendment. We think, too, the entering of a judgment for defendant was unauthorized, the cause not having been finally disposed of and was premature because there was no court in session which could consider the motion to amend. It was entered *ex parte* in spite of the distinct declaration by this court that the plaintiff should be allowed to amend. We do not think that it would require a bill in equity to vacate such a judgment.

Counsel for defendant say that they had no opportunity afforded them to argue whether the amendment should be allowed. We do not consider that counsel have this right any more than to be consulted as to the form of our judgments. The right to pass upon the declaration carried with it the right to pass upon the relief appropriate to be afforded.

We come now to the second plea, that of *res adjudicata* of the decree in equity on the petition by the company for an injunction against Rawlins, to restrain him from reassuming the management of the company's works. The decree, finding that Rawlins had been discharged, made the injunction perpetual. It is contended that this decree is final and conclusive and that we cannot enquire into the decision. We are not of that opinion. Two of the questions raised in the equity case were (one) whether the company could discharge plaintiff at its will without inquiry whether plaintiff had performed his duties in a skillful and proper manner and (two)

whether plaintiff had in fact perfomed his duties in a skillful and proper manner.  Either of these points was a ground upon which the decree could have been founded.  Extrinsic evidence may, therefore, be received to show the precise point determined.   2 Black on Judgments, Sec. 624, finds the rule to be "fully settled upon the authorities that extrinsic evidence when not inconsistent with the record and not impugning its verity, is admissible for the purpose of identifying the points litigated and decided in a former action between the same parties, when the judgment therein is set up as a bar or estoppel in the case on trial."

"A verdict and judgment are conclusive by way of estoppel only as to facts without the existence and proof or admission of which they could not have been rendered."  *Lea vs. Lea,* 99 Mass. 493   See also *Foster vs. The Richard Busteed,* 100 Mass. 409.

"The judgment in a former suit based upon the same facts, or between the same parties or their privies, but to enforce a different demand and obtain another form or relief, is conclusive only as to what was in fact litigated and decided in such suit."  *Clark vs. Blair,* 14 Fed. R. 813.   "Where the record is silent, evidence is admissible to show what was actually decided and determined in the former suit, and in the absence of such evidence the former adjudication is conclusive only as to questions which were necessarily tried and determined therein."  *Id.*

"A judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties; but to this operation, it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit.   If there be any uncertainty on this head in the record, the whole subject matter of the action will be at large and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined.   To apply the judgment, and give effect to the

adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible."

*Russel vs. Place*, 94 U. S. Rep. 606.

To apply these principles : the decree does not state upon which of the two grounds alleged the injunction was ordered. It may have been on either or on both. But it not being certain which was the precise point determined resort may be had to the proceedings to ascertain which of the two points was determined.

The burden of proof is on the party setting up the estoppel. 2 Black, Sec. 629.

Reference to the proceedings and the decision of the court in the equity suit show conclusively that it considered that the evidence as to whether plaintiff (former defendant) had performed his duties in a skillful and proper manner was immaterial and disregarded it, and held that "the company could at any time discharge the defendant, subject, of course, to his action at law for damages for an unlawful discharge." The precise point litigated and determined in the former suit was not whether the work of plaintiff was done in a skillful and proper manner and it is now open to the plaintiff in the present case.

And the decree in equity does not operate as an estoppel or bar to the present action.

We therefore overrule the pleas and the demurrer to the replication of the defendant company and remand the cause to the Circuit Court, First Circuit, for further proceedings, defendant being given leave to answer.

*C. Brown* and *W. A. Kinney*, for plaintiff.

*A. S. Hartwell* and *F. M. Hatch*, for defendant company.