BESSIE R. BURNS *v.* JULIA H. AFONG.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JUNE 8, 1909.                    DECIDED JUNE 10, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

ESTOPPEL—*former judgment.*

> In an equity suit the issue was whether a promise had been made with intent not to keep it and the decision, as construed by this court, was that no promise whatever had been made. The decree dismissing the bill, based on the decision, bars a subsequent action at law on the same promise.

OPINION OF THE COURT BY HARTWELL, C.J.

This was an action of assumpsit to recover $10,000 upon the defendant's agreement to pay the plaintiff that sum for compromising a suit in equity brought by the plaintiff and others against the defendant for an accounting of the accumulations of a trust fund, her removal as trustee and the appointment of another in her place. A compromise was made pend-

ing the suit which the defendant pleaded in bar. The plaintiff
Bessie R. Burns then filed a supplemental bill alleging that
the compromise was secured by fraud, consisting among other
things in the defendant's promise to pay her $10,000 made
with the intention not to keep it. The defendant filed her an-
swer to the supplemental bill denying the promise. The court
after hearing evidence sustained the plea in bar and made a
decree dismissing the bill after giving the following decision:

"Although nearly two weeks have been consumed in the tak-
ing of evidence in support of the plea in bar, it does not seem
necessary to the Court to take the case under advisement. It
seems to the Court that it is simply a question of fact. The
fact presented is, was there a compromise made and was it made
without fraud or misrepresentation.

"The Court in passing upon the question acts in the nature
of a jury instead of that of the Court. The question is, did
Mrs. Afong promise Mrs. Burns a home or $10,000, or any-
thing, in consideration of her signing the compromise? From
all the evidence in the case the Court is satisfied that Mrs.
Burns entered into this compromise with her eyes open, and
that she was aware of this compromise.

"The plea in bar is sustained."

The question presented by all the three exceptions taken by
the defendant is whether the plaintiff is estopped by the decree,
the court having overruled the defendant's plea that the decree
finally adjudicated the issue of a promise. It is contended by
the plaintiff that it is only by inference that it can be said that
the court decided that there was no promise at all, a promise
with an intention not to keep it being the fact in issue and not
whether any promise was made. The defendant contends that
the decision necessarily disposes of the fact of a promise, with
whatever intention, for if there was no promise there could be
no intention.

Specifically the pleadings, besides the plea referred to, were
as follows: The plaintiff demurred to the plea on the ground
that the decree determined nothing in the equity suit except

that it was compromised without fraud or misrepresentation, but does not purport to determine the "separate collateral and inducing contract on which this plaintiff sues but an entirely different and separate agreement." The court overruled this demurrer and the plaintiff filed a replication admitting the equity suit and pleadings but denying that the promise to pay the plaintiff $10,000 was an issue or that any allegation of a promise was made on the supplemental bill for any purpose other than by way of inducement to show fraud or that the court found that the promise had not been made, averring that the judge's decision referred to $10,000 merely by way of recital with no adjudication as to the promise, and further that its reference to the promise is indefinite and not conclusive and that no adjudication of it was required or justified by any issue in the suit or that the decree was a final adjudication of the promise. The defendant demurred to the replication on the grounds that it admitted every material allegation of fact in the plea and set forth no affirmative or other matter in reply and that it denied those allegations only which were conclusions of law. The defendant excepted to the overruling of this demurrer and to the denial of her motion for judgment on the pleadings. The plea in bar was then submitted on the pleadings, the defendant excepting to the overruling of the plea.

When the case was called the plaintiff's attorney objected to Justice Perry sitting on the ground that he had acted as attorney in the equity suit. After the justice had stated what his connection with the case was the objection was overruled and the attorney was given leave to file his statement later. We find the facts to be in accordance with Justice Perry's statement which appears in the minutes. The fact is, clearly, that Justice Perry has not at any time acted, in this or in any other cause, as counsel for either of the parties to this suit and that his only connection with the equity suit was as attorney for certain other parties. No disqualification exists.

The plaintiff's demurrer to the plea was properly overruled and as no new showing was made by the replication the defendant's demurrer to it should have been sustained. The issue on the plea in the suit which was whether the compromise had been made without fraud or misrepresentation was adjudicated by sustaining the plea and dismissing the bill. The court could have made a specific finding of a promise made without fraudulent intent but the holding that none was made eliminated any supposition of a fraudulent promise.

After a hearing for two weeks on the plaintiff's claim that she was induced to compromise by the defendant's fraudulent promise to pay her $10,000 the court did not hesitate to find, as we understand its decision, that she executed the compromise without fraud or misrepresentation or promise of anything and with her eyes open.

In the equity suit the material fact in issue was whether the compromise was obtained by the promise made with intent not to keep it. Both the promise and the fraudulent intent were necessary to be shown, failure of proof of either of these requiring dismissal of the bill. Two courses were open to the trial court, first, to find that there was no promise, when there could have been no intent not to keep it, and second to find or assume a promise and then find that the promise was made in good faith without intent not to keep it. The judge said: "It seems to the Court that it is simply a question of fact. The fact presented is, was there a compromise made and was it made without fraud or misrepresentation. * * * The question is, did Mrs. Afong promise Mrs. Burns a home or $10,000 or anything in consideration of her signing the compromise? From all the evidence in the case the Court is satisfied that Mrs. Burns entered into this compromise with her eyes open and that she was aware of this compromise. The plea in bar is sustained." Had the court merely stated the broad question which it first stated, "was it made without fraud or misrepre-

sentation," and then merely said, "the plea in bar is sustained," which of the alternatives above suggested it adopted would have been open to doubt.    The court, however, proceeded further and stated the precise question which it proposed to consider and decide, namely: "Did Mrs. Afong promise Mrs. Burns a home or $10,000 or anything in consideration of her signing the compromise?"    The rule that estoppels are not to be based upon matters that may be merely inferred from a judgment does not apply to inferences that are necessary.    *H. C. & S. Co. v. W. S. Co.*, 14 Haw. 50, 55.    As we read the decision, there is no room to infer that the court found or assumed a promise and then merely found a lack of fraudulent intent.    Its statement of the precise question to be answered excludes the possibility of the inference and the language used was not apt or appropriate to express any such finding.    The decision is an adjudication that the promise now declared on was not made and bars the present action.

The plaintiff's demurrer to the plea was properly overruled and as no new showing was made by the replication the defendant's demurrer to it and also the plea in bar itself should have been sustained and judgment for defendant entered.

Exceptions sustained.

*C. F. Clemons* (*Thompson & Clemons* on the brief) for plaintiff.

*C. H. Olson* (*Holmes, Stanley & Olson* on the brief) for defendant.