No. 10. SARAH NAKOOKOO AND AMY HELENE NAKOOKOO, OTHERWISE KNOWN AS AMY HELENE THOMPSON, BY THEIR GUARDIAN, JAMES A. THOMPSON, v. DAVID NOHOLOA. Error to Circuit Court, First Circuit. Petition for Rehearing filed December 11, 1909. Decided December 14, 1909. Hartwell, C. J., Wilder and Perry, JJ. Per curiam: The plaintiffs' petition for rehearing is denied without argument under the rule. The law of res judicata applies to decrees of appellate courts, although of affirmance only. See the following cases, which were

considered in this case: *Mitchell* v. *Mitchell,* 6 Md. 224;
*Chouteau* v. *Gibson,* 76 Mo. 38; *Crane* v. *Blum,* 56 Tex. 325;
*Sturgis* v. *Rogers,* 26 Ind. 1; *Goodsell* v. *Telegraph Co.,* 55
N. Y. Sup'r Court 173; 24 A. & E. Ency. 722, 812; 13 A. &
E. Ency. 43, 44. The plea and the replication show that each
of the appellate courts entered a decree and that in each in-
stance the specific point adjudged was that relating to the con-
struction of the will. That the opinion upon which a decree
is based may be examined to ascertain the precise question
determined, see *Rawlins* v. *Honolulu Soap Works,* 9 Haw. 496,
and *Burns* v. *Afong,* 19 Haw. 486. It appears to be clear to
the majority of the court that the denial of the petition for ad-
ministration, which petition was based solely on the ground that
there was property not disposed of by the will and contested
solely on the ground that there was no such property, was based
on no other ground than that by the construction which the
court placed on the will there was no property subject to ad-
ministration. The questions decided were, within the meaning
of the rule, directly and not collaterally in issue. All of the
points referred to in the petition and argument for rehearing
were considered at the former hearing.

*A. G. M. Robertson* for plaintiffs.

*Holmes, Stanley & Olson* for defendant.