## HANNAH MAKAINAI *v.* SOLOMON K. LALAKEA.

## No. 1703.

### APPEAL FROM CIRCUIT JUDGE FOURTH CIRCUIT.
### HON. D. H. CASE, JUDGE.

ARGUED NOVEMBER 12, 1926.          DECIDED DECEMBER 10, 1926.

### PERRY, C. J., BANKS AND PARSONS, JJ.

JUDGMENTS—*res judicata—different subject matter—intermediate issue.*

The adjudication by a court of competent jurisdiction of any right, fact or issue arising between the parties and actually litigated by them bars the re-litigation in any court of the same right, fact or issue arising in any subsequent action or suit between the same parties, and this irrespective of whether the later action or suit relates to the same subject matter or to a different subject matter and even though the subject matter of the later suit (an interest in land) was acquired after the trial of the first suit.

An adjudication in an action of ejectment of the material issue that a deed relied upon by the defendant was a forgery and was never delivered by the grantor to the grantee is conclusive and binding upon the parties in a subsequent suit for partition brought by the same plaintiff against the same defendant and bars a re-litigation in the second suit of the same particular issue but does not bar the presentation by the defendant of any other claim or defense that may be available to him.

OPINION OF THE COURT BY PERRY, C. J.

One T. K. Lalakea died May 7, 1915, intestate, leaving surviving him two sons, four daughters and the issue of two deceased daughters. Hannah Makainai, the present plaintiff, was one of the daughters. In an action of ejectment brought by her against Solomon Lalakea, a son, the present defendant, judgment was entered on February 9, 1921, to the effect that she was the owner of an undivided 1/8 interest in the land inherited by her from her father. In that case the defendant set up as a

defense that T. K. Lalakea had executed and delivered to him on March 6, 1915, a deed of the lands involved in the action of ejectment. The plaintiff replied that the deed was a forgery and was not at any time delivered by T. K. Lalakea to Solomon Lalakea. That issue of fact was material in that case and was actually litigated by the parties to the action. After trial the court found that the deed was a forgery and that no delivery of it had ever been made by the grantor to the grantee; and judgment was entered for the plaintiff as above stated upon the basis of that finding. The judgment was affirmed in the two appellate courts to which it was taken for review and now stands unreversed and in full force.

After the death of T. K. Lalakea and after the trial of the action of ejectment Maria Lalakea, another of the daughters of T. K. Lalakea, died, on May 15, 1920, intestate and leaving no husband and no issue but leaving her brothers and sisters and the issue of the deceased sisters. *Prima facie* Hannah Makainai, the present plaintiff, would inherit from Maria 1/7 of the latter's 1/8 interest or an undivided 1/56 interest.

Lilly Hewahewa, another daughter of T. K. Lalakea, brought an action at law against Solomon Lalakea, the present defendant, to quiet her title to the same lands. In that action, as in the action of ejectment already referred to, it became a material issue of fact whether the deed from T. K. Lalakea to Solomon Lalakea was valid or invalid. The court in that case, another judge presiding, found after trial that the deed was not a forgery but was valid and had been duly delivered by the grantor to the grantee. In conformity with this last mentioned finding judgment was, in the action to quiet title, entered in favor of Solomon Lalakea and against Lilly Hewahewa. That judgment likewise stands unreversed.

On November 14, 1924, Hannah Makainai, admittedly

the same person who was plaintiff in the action of eject-
ment, commenced suit against Solomon Lalakea, admit-
tedly the same person who was defendant in the action of
ejectment and defendant in the action to quiet title, for
the partition of the same lands and in that suit alleged
that she was the owner of an undivided 1/8 interest
inherited from T. K. Lalakea and of an undivided 1/56
interest inherited from Maria Lalakea. In the partition
suit the defendant admitted the ownership by the peti-
tioner of an undivided 1/8 interest but denied that she
was the owner of the additional 1/56 interest and that
she had inherited any interest from or through Maria.
At the trial of this latest suit the fact that T. K. Lalakea
was the common source of the title claimed by the parties
was admitted and undisputed evidence was adduced
tending to show the relationships involved as above
stated. The defendant then offered in evidence the same
deed already above referred to which was before the
court in the action of ejectment and offered to prove its
authenticity, validity and delivery. The plaintiff intro-
duced in evidence the record of the ejectment case show-
ing the issues there litigated and the judgment rendered
and objected to the admission of evidence of validity on
the ground that the findings of invalidity and non-delivery
made by the court in the action of ejectment were con-
clusive upon the parties and that the issue could not be
re-litigated in the suit for partition. The defendant, on
the other hand, offered in evidence the record in the
action to quiet title brought by Lilly Hewahewa against
the present defendant. The court refused to admit the
evidence of validity and ruled that the Hewahewa decree
was of no materiality; and, no other defense being offered,
found that Hannah Makainai is the owner of an undivided
1/7 interest in the lands in question and is entitled to
partition thereof. An interlocutory decree was entered

in conformity with this finding. From that decree the defendant, with the consent of the trial court, now appeals to this court.

The doctrine of *res judicata* is well established, as well in this Territory as in every other American jurisdiction. It is twofold: first, that the judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties concerning the same subject matter and precludes the re-litigation not only of the issues which were actually litigated in the first action but also of all grounds of claim and of defense which might have been properly litigated in the first action but were not litigated or decided; and, second, that the adjudication by a court of competent jurisdiction of any right, fact or issue arising between the parties and actually litigated by them bars the re-litigation between the same parties in any court of the same right, fact or issue arising in any subsequent action or suit between the same parties and this irrespective of whether the later action or suit relates to the same subject matter or to a different subject matter. "The general rule is that a judgment is void as to one entitled to be heard who had no notice, actual or constructive; but if there was notice, then as to the subject of the proceeding the judgment is in every other proceeding conclusive, not only upon every point that was litigated in the first proceeding, but upon every point that might have been litigated; but as to a different subject, the judgment is conclusive only upon points actually contested and adjudicated in the first proceeding." *Mossman* v. *Hawaiian Government,* 10 Haw. 421, 424. See, also, same, page 427. "A final decision fixes certain rights and in a contest as to such rights it is incumbent upon parties to put in their whole case. If they do not, it is their fault and they cannot afterwards be permitted to set up what they

previously omitted. Consequently so far as the subject matter or ultimate thing adjudged is concerned it is conclusively presumed that every intermediate point that might have been raised was settled whether it was raised or not. But as to a different subject, only such points as were actually raised and decided in respect of the first subject are regarded as settled. For although the subject is different, still the parties have actually had their contest over the intermediate point and should not be permitted to have a second contest; but intermediate matters not litigated or decided in the first proceeding are not regarded as settled as to a different subject, for not only have they not been decided in fact but there was no duty to litigate them in the first case except so far as that case was concerned." *Haw. Com. & Sug. Co.* v. *Wailuku Sug. Co.,* 14 Haw. 50, 54. "It is well settled that a fact or question in issue and litigated in a former action between parties is conclusively settled by the judgment therein and they are bound by the adjudication in another action between them though the cause of action or subject matter be different." *Pilipo* v. *Scott,* 23 Haw. 26, 29. To the same effect are *Burns* v. *Afong,* 19 Haw. 486, and *Nakookoo* v. *Noholoa,* 19 Haw. 667, 669-671.

"In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat

the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defences actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defences were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defences never existed. The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defence actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." *Cromwell* v. *Sac,* 94 U. S. 351, 352, 353.

"The doctrine of *res judicata* rests at bottom upon the

ground that the party to be affected, or some other with whom he is in privity, has litigated or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction." *Postal Tel. Co.* v. *Newport*, 247 U. S. 464, 476.

Two reasons are ordinarily given for the adoption and continued recognition of this doctrine: one, in order that there may be an end to litigation, *ut sit finis litium*, and the other, in order that no one may be twice vexed for the same cause, *nemo debet bis vexari pro eadem causa*. "The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them." *So. Pac. R. R.* v. *United States*, 168 U. S. 1, 48, 49.

"Litigation is an expense to the public as well as to the parties. In fact the expense to the public is often greater than it is to the parties. It is for the public good, therefore, that there be an end of litigation. *Expedit reipub-*

*licae ut sit finis litium.* And when a cause has been once fairly tried, it ought not to be tried over again, even if the parties are willing. Such a course would be unjust to other parties whose causes might be thereby delayed. As well might a man who has a right to draw water at a public fountain, when he has filled his pitcher, claim the right to upset it, and to keep others waiting till he had filled it over and over again." *Walker* v. *Chase,* 53 Me. 258, 260.

To the same effect, both as to the nature and the extent of the doctrine and as to the reasons underlying it, are *Nesbit* v. *Riverside District,* 144 U. S. 610, 618; *New Orleans* v. *Citizens' Bank,* 167 U. S. 371, 396, 397; *Werlein* v. *New Orleans,* 177 U. S. 390, 397; *So. Pac. R. R.* v. *United States,* 183 U. S. 519, 528; *Oklahoma* v. *Texas,* 256 U. S. 70, 77, 78.

There are numerous cases in other jurisdictions, all to the same effect. We are unable to find any dissent in the authorities from the general statement of the rule that the first judgment is a bar to any other action upon the same subject matter as to all points involved whether litigated or not, and that the adjudication in the first action upon any intermediate question involved and actually litigated bars any further litigation between the same parties upon the same question whether the subsequent action be upon the same or a different subject matter. In the application, however, of these rules confusion in the decided cases sometimes appears.

In the case at bar no one claims that the judgment in the action of ejectment bars the suit for partition. It is specifically admitted by the present plaintiff, and there can be no doubt of the correctness of the position, that the defendant in the suit for partition is at liberty to present any and all claims and defenses which he may have which were not actually litigated in the ejectment

case. The subject matter in the partition suit is different from that in the ejectment case but, assuming for the moment that the parties to the two causes were the same, the defendant is now barred from re-litigating in the partition suit the question of whether or not the deed of T. K. Lalakea was a forgery or was delivered, because those two particular questions of fact were not only involved in the ejectment case but were actually litigated therein by both parties. The second half of the rule clearly applies.

It is claimed, however, that while the defendant was the same in the two cases the plaintiff was not the same. It is urged that Hannah Makainai is plaintiff in the second case in another right or capacity than that in which she appeared as plaintiff in the first case. We are unable to find any foundation in fact for this claim. Hannah Makainai appeared as plaintiff in the first case as an individual claiming title in her own right and for herself alone, not for anyone else. She appears as plaintiff in the second suit as an individual claiming title in her own right and for herself alone, not for anyone else. In the second suit she is not acting as trustee for anyone else and is not appearing in any representative capacity. When in the books it is said that there is no identity of parties unless they appear in the same right and in the same capacity, the expression "in the same right" means the same thing as the expression "in the same capacity." See, for example, 1 Freeman on Judgments, 5th ed., §418, p. 910. At this point it is urged that to take the view that the former adjudication of the particular question of the validity of the deed is a bar to the re-litigation of that issue would be to encourage litigation in that it would encourage Maria, and the other heirs not already bound by a decree, to assign their interests to Hannah upon the understanding that the fruits of the latter's

victory would be turned back to the assignors. The answer is that those are not the facts in the case at bar and that when such a case presents itself the assignee will be regarded as the trustee for the assignor and the identity of parties, which under the actual, existing circumstances enables Hannah to invoke the doctrine of *res judicata,* will not exist. Hannah in the supposed case will be acting in a representative capacity and not in the same capacity in which she appeared in the first action. There was no assignment in the case at bar. Maria died and by operation of law a part of her interest passed to Hannah. No trust legally results, under these circumstances, in Hannah in favor of Maria or anyone else. The application of the doctrine in her favor and against the defendant serves the purpose which the doctrine was originally designed to serve, to-wit, the purpose of preventing litigation and securing repose. Solomon having once litigated the question of the validity of the deed cannot now have another trial of the same issue with the same opponent.

There are, it is true, a few cases which while recognizing the doctrine as it is here stated seem, at first reading at least, to have made an application of the doctrine at variance with the general current of authority on the subject. Perhaps on closer study they can all be distinguished consistently with their soundness. For example, in *Fuller* v. *Met. Life Ins. Co.,* 68 Conn. 55, an adjudication of an intermediate fact in an action upon a non-negotiable contract was held not to be *res judicata* in an action upon another non-negotiable contract involving the same particular issue, one of the parties in the first case having appeared in his own right and in the second as assignee of the second contract. It may be that there was something in the relations of assignor and assignee which, in that state, constituted the assignee a representa-

tive of the assignor for the purpose of the second case. If there was, then identity of parties was lacking and the decision was in accord with other cases on the general subject. However that may be, there are no circumstances whatever in the case at bar justifying a ruling that Hannah Makainai appears in the suit for partition in any representative capacity or in the interest of anyone other than herself. Her case, therefore, falls plainly within the second part of the doctrine.

The mere fact that Solomon would not have been bound by the former adjudication in a suit brought by Maria in her lifetime does not militate against the conclusion which we have reached. Neither Maria nor anyone else not a party to the first adjudication could claim the advantage of it. The rule does not purport to reach those who are not parties. The apparent incongruity of Solomon not being bound in a suit by Maria and yet being bound in a suit by Hannah who inherited from Maria is doubtless due to the fact that tenants in common are not privies to each other. *Hewahcwa* v. *Lalakea*, 27 Haw. 544, 571.

So, also, the fact that the 1/56 interest was acquired by Hannah from Maria after the trial of the action of ejectment does not render the rule inapplicable. While a few general expressions are to be found in the authorities to the effect that the fact of subsequent acquisition of title is material, we have found no decided cases proceeding upon that ground save where the ultimate right adjudged in the first action did not include or dispose of the right subsequently acquired and claimed in the second action. For example, an adjudication in ejectment that plaintiff has no title does not in fact or in law adjudicate that a title claimed by the same plaintiff in a second action of ejectment to have been acquired by him after the first judgment was or was not in fact his. The ulti-

mate rights or facts adjudged in the two cases are different. The doctrine of *res judicata*, in its second part as well as in its first part, is a doctrine of repose and if an intermediate issue, material in both actions, is actually litigated and determined in the first action the reason of the rule requires that it should not be re-litigated in the second action even though an interest in land has been acquired by the plaintiff after the first judgment and before the second action. The intermediate fact so decided in the first action existed and was well known to the defendant as well as to the plaintiff before the trial of the first action. The defendant is at no disadvantage in being thus limited to the one trial of that intermediate issue.

The adjudication in Lilly Hewahewa's suit that the deed was valid cannot be of any materiality in the present suit for partition. Hannah Makainai was not a party to that suit and is not bound by the judgment.

The interlocutory decree appealed from is affirmed and the cause is remanded to the circuit judge for such further proceedings as may be proper.

*J. W. Russell* (also on the briefs) for petitioner.

*C. S. Carlsmith* and *J. G. Anthony* (*C. S. Carlsmith* and *Smith & Wild* on the briefs) for respondent.