## HANNAH MAKAINAI *v.* SOLOMON K. LALAKEA.

### No. 1777.

ARGUED NOVEMBER 14, 1927.          DECIDED FEBRUARY 13, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

A brief recital of the history of the Lalakea-Makainai litigation over the lands involved in the present suit will we think be helpful to a correct understanding of this opinion. This history, as disclosed by the records

in this court, is as follows: Thomas K. Lalakea, a resident of the Island of Hawaii, died intestate on the 7th day of May, 1915. Prior to his death he was seized and possessed of certain real estate situate on the island of his residence. He left surviving him as his sole heirs at law two sons, four daughters and the issue of two deceased daughters. Among the daughters was Hannah Makainai, and among the sons was Solomon K. Lalakea. On December 27, 1918, Solomon was in exclusive possession of certain of the lands which had been formerly owned by Thomas K. Lalakea, claiming a life estate in himself. Hannah Makainai disputed Solomon's claim, so far as she was concerned, and asserted that as one of the heirs at law of her father, Thomas K. Lalakea, she was entitled to an undivided one-eighth interest in fee simple in the lands held and claimed by Solomon. In order to have her rights adjudicated she brought against Solomon an action of ejectment. In due time this action of ejectment came on for trial. Solomon did not deny his possession but undertook to justify his occupancy by what purported to be a deed from Thomas K. Lalakea conveying to him a life estate with remainder in fee to his heirs. Hannah contended that this purported deed was void because in the first place it was not signed by Thomas and in the second place because it was never delivered by Thomas to Solomon. Upon the trial of the issues thus presented it was decided by the trial court, sitting without a jury, that Hannah's contention was sufficiently supported by the evidence and judgment was accordingly rendered in her favor. Solomon, considering himself aggrieved by this judgment, brought the case to this court for review. The judgment of the lower court, however, was, on May 19, 1920, affirmed, and Hannah, as between herself and Solomon, was thus declared to be the owner of an undivided one-eighth interest in the lands. (*Makainai* v. *Lalakea*, 25

Haw. 470.) On May 15, 1920, Maria Lalakea, another of the daughters of Thomas K. Lalakea, died intestate, leaving no husband and no issue but leaving as her heirs at law her brothers and sisters and the issue of a deceased sister. One of these sisters, as we have already seen, was Hannah Makainai.

On November 14, 1924, Hannah Makainai brought the instant suit against Solomon. This suit involved the same lands that were involved in the ejectment suit already referred to, and was brought for the purpose of obtaining the partition of the lands and of requiring Solomon to account to the petitioner, Hannah Makainai, for her share of the rents, income and profits collected and earned by Solomon. In her petition Hannah claimed to be the owner in fee simple of an undivided one-seventh interest in the lands described. She claimed that this one-seventh interest was composed of the one-eighth interest that had been adjudged to her in the action of ejectment and an additional one-fifty-sixth interest she inherited as one of the heirs of her deceased sister, Maria Lalakea. Solomon in his answer to the petition admitted that Hannah had title to a one-eighth interest in the land but denied that she had any interest as one of the heirs of Maria, his claim in that regard being that as against Maria and therefore as against her heirs he was the owner of a life estate in the lands by virtue of the deed from his father, Thomas K. Lalakea. When at the trial Solomon offered this deed in evidence it was objected to by Hannah on the ground that as between herself and Solomon the validity of the deed had already been tried and determined adversely to Solomon in the ejectment suit and that he could not require her to relitigate that question. The objection was sustained and the deed was excluded. Thereupon, Solomon having no other defense, the circuit judge by interlocutory decree adjudged that Hannah was the owner in fee of an un-

divided one-seventh interest in the lands and that Solomon was the owner in fee of an undivided six-sevenths interest and decreed a partition accordingly. Solomon took an interlocutory appeal to this court. On this appeal it was decided that as between Hannah and Solomon the question of the validity of the deed was *res judicata* and the decree of the circuit judge was affirmed and the case was remanded to the circuit court for further proceedings. (*Makainai* v. *Lalakea*, 29 Haw. 482.) When the case again came before the circuit judge for further hearing a new event had occurred, out of which have arisen the questions that are presented by the present appeal. Solomon Lalakea had become the legitimate father of a male child who was named for his grandfather, Thomas K. Lalakea. A guardian *ad litem* was appointed for this minor and he was given permission by the circuit judge to intervene in the pending partition suit.

Having been given this permission the minor through his guardian *ad litem* filed his claim of interest in the lands and his answer to the petition. He denied that as between Hannah Makainai and himself Hannah had any interest in the lands whatever and claimed that as a remainderman he had an interest concerning which there had never been a binding adjudication. He based his claim on the deed from Thomas K. Lalakea, his grandfather, to Solomon K. Lalakea, to which deed reference has already been made, and which had been held as between Solomon and Hannah to be invalid. The intervening minor contended that however binding this adjudication might be on his father, Solomon, it was not binding on him as a remainderman for the reason that he was not in being when the question of the validity of the deed was litigated and decided and therefore was not a party to any of the proceedings in which that question had arisen, and that no one was authorized

by law to represent him in such proceedings. He alleged that the deed was in all respects a valid conveyance and claimed the right to be heard in support of his allegation. Hannah Makainai attacked the position of the intervening minor by a demurrer to his claim and answer. The grounds of the demurrer were, "1. That said claim and answer do not set forth facts sufficient to constitute any cause of relief against either the petitioner or respondent. 2. That said claim and answer do not set forth any interest of said intervenor in the subject matter of this cause. 3. That it affirmatively appears by said claim and answer that said intervenor has no estate, right, title or interest in the premises which are the subject matter of this cause." The circuit judge sustained the demurrer and dismissed the interevener's claim and answer. From this ruling the intervener took an appeal to this court.

As we understand the contentions of the parties they present two questions. First, whether the intervening minor has any justiciable interest in the lands that are the subject matter of the instant suit, and, second, if he has such interest, whether he is precluded by former adjudications from asserting it.

If the intervening minor had been in being when the suit for partition was begun the interest which he now claims in the land would have been of such a justiciable nature as would have entitled him to a hearing. This is clearly shown by the provisions of section 2762, R. L. 1925, under which he would have been a necessary party to the suit, or, if not made a party, he would have been entitled to intervene and by appropriate pleading present his claim of interest. The section referred to is as follows: "Every person having any legal estate in the property, in fee or as a tenant for life or for years, or any vested estate in dower or by curtesy, or having any vested or contingent legal estate or interest in reversion

or remainder, as far as known to the petitioner, or any mortgage, on record, upon all or any part of the property, shall be made parties to such suit. The petitioner may at his election also join as parties any person or persons having or claiming to have any equitable estate or interest in any part of the property or any lien or incumbrance which attaches to all or any part thereof. Any person having or claiming to have any legal or equitable estate, right or interest in the property or any part thereof, or any lien or incumbrance upon or affecting the property in whole or in part, or any inchoate right of dower or curtesy, not joined as a party in the petition as filed, may become a party by appearing and filing answer in the suit, or otherwise by intervention as the court may allow, and may by appropriate pleading as in this chapter provided set forth the estate, right, title or interest claimed in the premises, or lien or incumbrance asserted against the same. All persons interested in any manner or who may claim any interest in the premises whose names are unknown to the petitioner, may be made parties to the suit by the name and description of unknown owners and claimants, and may be designated by fictitious names, and when their true names shall become known the same may be inserted as though correctly stated in the first instance." We know of no reason why the character of the intervener's interest should be affected by the fact that he did not come into being until after the suit was brought instead of before it was brought. He came into being before a final decree was entered and claimed and was granted the right of intervention.

It is contended by the petitioner, Hannah Makainai, that Solomon K. Lalakea, being alive, has no heirs and therefore the intervener has no present interest which the law recognizes. This would be true if the intervening minor's claim of interest was based on his right of in-

heritance from his father, Solomon. This, however, is not the basis of his claim. The designation, in the deed from Thomas K. Lalakea to Solomon, of the heirs of Solomon as the persons who should have the fee in the lands after the termination of the life estate conveyed to Solomon was merely a description of the class of persons in whom the fee should vest after Solomon's death. These heirs, whoever they may be at that time, would take the fee, if the deed is valid, not by inheritance from Solomon but as purchasers under the deed. The intervening minor now being one of Solomon's heirs, and therefore a member of the class described in the deed, has, if the deed is valid, a justiciable interest in the lands. The doctrine that a living person has no heirs is not applicable to the present situation.

The remaining question, namely, whether the intervening minor is precluded by the former adjudications of the invalidity of the deed from Thomas K. Lalakea to Solomon K. Lalakea, from asserting his interest, is more difficult of determination. In considering this question it should be borne in mind that only the one-seventh interest in the lands, which has been adjudged to Hannah Makainai, is involved. Solomon's life estate in the remaining six-sevenths interest, acquired by him under the deed from his father, Thomas K. Lalakea, is not now in dispute. Likewise, of course, the contingent interest of the intervening minor in the fee of this six-sevenths interest is not now in dispute.

The question of the validity of the deed has been twice before this court and the circuit court in litigation between Solomon K. Lalakea and Hannah Makainai. In the first case, which was the action of ejectment already mentioned, the facts were gone into and it was decided on the evidence that the deed was invalid. In the second case, which was the present suit for partition, the facts were not gone into but it was decided that, as between

Hannah Makainai and Solomon K. Lalakea, the invalidity of the deed was *res judicata* and Solomon was not even permitted to introduce the deed in evidence. It is conceded that at the time the respective judgments in these two cases were rendered the intervening minor was not in being and was therefore not before the court either in person or by a guardian *ad litem*. It is contended, however, by Hannah Makainai that he was virtually represented by his father, Solomon, and therefore is bound by the judgments.

So far as the partition suit is concerned the question of the validity of the deed was not in any real sense litigated. Solomon's hands were tied by the judgment in the ejectment suit and since he was thus rendered powerless to present either the deed itself or evidence of its validity it is impossible to conceive any theory upon which he could virtually or otherwise be held to have represented the intervening minor.

There is another and equally conclusive reason why the intervening minor is not precluded by the decree rendered in the partition suit from asserting whatever interest he has in the lands in question. This decree is not a final but an interlocutory decree. Until a final adjudication of the issues involved the entire proceedings remain under the control of the court. A mere interlocutory decree in a suit for partition of lands is in no sense *res judicata* as to one who was not before the court when such decree was rendered but who appears later by intervention. This is conceded by counsel for Hannah Makainai, the petitioner in the instant case.

Coming to the question of whether the intervening minor was virtually represented by Solomon in the ejectment suit, where the question of the validity of the deed was litigated and determined, it is contended by the intervening minor that the doctrine of virtual representation, upon which persons not in being are bound by the

judgment rendered is, in the absence of statute, only applicable to suits in equity and can have no application to actions of ejectment, which in this jurisdiction are purely actions at law.

The disposal of this contention depends on the nature and scope of actions of ejectment in this Territory and on whether the intervening minor, had he been in existence when the ejectment suit was brought by Hannah against Solomon, could, under the law relating to such actions, have been made a codefendant with Solomon. If he could not, and therefore could not have represented himself in the action, it would be a complete paradox to say that he was nevertheless represented by Solomon and therefore bound by the judgment. The whole theory of virtual representation, so far as it relates to persons not *in esse,* is based on the assumption that if they were in being they could have been made parties to the suit in which their rights were determined.

In construing our statute under which actions of ejectment are brought (which is now Sec. 2332, R. L. 1925), it was decided by this court in *Un Wong* v. *Kan Chu,* 5 Haw. 225, 226, that ejectment is not merely a possessory action but may try the title to land as well. This conclusion has been confirmed in later cases and is now the established law in this Territory. As a logical result of this construction of the statute it was decided in *Carter* v. *Wing Chong Wai Co.,* 12 Haw. 291, 295, that "in jurisdictions in which the action of ejectment may try the title to the land as well as the right of possession, landlords may be joined as codefendants with their tenants." The correctness of this conclusion likewise has never been questioned and may also be considered as firmly established. It follows, of course, from this right of the plaintiff to join the landlord as a codefendant with the tenant that an adjudication of the title will be binding on the landlord if he is in fact made a party defendant and is duly

served with process. The converse of this is equally true and if the landlord is not joined, the judgment, so far as it attempts to adjudicate his title, is not binding on him.

Is the principle upon which a landlord may be made a codefendant with his tenant, who is in the actual occupancy of land, broad enough to authorize the joining of a remainderman, in being, with a life tenant, who alone is in the actual occupancy of land, so as to bind the former by a judgment adjudicating the title?

We think there is such a fundamental difference between the relation that exists between a landlord and his tenant and a life tenant and a remainderman that the theory upon which the former may be joined as codefendants in an action of ejectment is entirely inapplicable to the latter. The primary purpose of ejectment is to recover possession of land although the title may also be involved and determined. It presupposes ouster and only lies against those who are in the actual possession of the land in question or who are in such constructive possession as to be the equivalent of actual possession and who deny the plaintiff's right of possession. It never lies against one who merely claims title unaccompanied by any possessory acts.

It is a cardinal principle of the law relating to landlord and tenant that the tenant holds possession of the demised premises under his landlord and therefore his possession is that of his landlord. The right to join them as codefendants in an action of ejectment is merely the logical result of this principle. The law on this subject is very clearly stated in *Marvin* v. *Dennison*, 20 Vt. 659, 661, 662, where the court, speaking through Prentiss, J., said: "The object of the action of ejectment, as adopted and in use in this State, is not merely to recover the possession, but to settle the title and establish the right of property, as well as to recover the possession. To this

end and to prevent a repetition of action, the judgment, instead of leaving the title and right of property unsettled, and the same question liable to be retried by successive suits, as at common law, is made conclusive as to all the parties. Looking to the purpose and effect of the action, as thus defined and regulated, it would seem, that, as a general rule of practice naturally resulting therefrom, independent of any special legislative enactment on the subject, any person, under whom the tenant in possession, may, legally speaking, be said to hold, whatever may be the nature or character of the tenancy, should be liable to be made a party to the action." This case was cited in support of the conclusion reached in *Carter* v. *Wing Chong Wai Co., supra.*

It is apparent from these cases that the right of a plaintiff to join, as codefendants, the landlord and his tenant is due to the fact that their interests in the land are so interrelated that the occupancy of the one is in law the occupancy of the other. Both, therefore, being occupants and denying the plaintiff's right of possession, it is entirely consistent with the fundamental principles upon which the action of ejectment is based that they may be made codefendants in order that the title to the land may be settled in one action. But for this identity of occupancy there is no principle of law pertaining to ejectment upon which the right to join them could be based. There is no such relation between a life tenant and a remainderman. A life tenant does not hold the land by virtue of contract, either express or implied, with the remainderman but derives his right of occupancy (if he has such right) from an entirely independent source, generally from a deed or will. His occupancy, therefore, is in no legal sense identical with or referable to the remainderman. So far as possession is concerned they are strangers to each other. It necessarily follows that if the intervening minor in the instant case had been in

being when the ejectment suit was brought he could not have been made a codefendant with Solomon K. Lalakea, the life tenant.

Our conclusion is that it was error to sustain the demurrer to the intervening minor's claim of interest and answer to the petition.

The ruling appealed from is therefore reversed and the cause is remanded for such further proceedings as are necessary, not inconsistent with this opinion.

*J. W. Russell* and *A. Withington* (*J. W. Russell* on the briefs) for petitioner.

*B. S. Ulrich* (*Ulrich & Hite* on the briefs) for the intervener.